MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 10—June 29, 1933.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

The *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the respondent Industrial Commission.

*Edward G. Minor* of Cudahy, for the respondent Forman.

A brief on the motion for a rehearing was also filed by *Miller, Mack & Fairchild* of Milwaukee as *amicus curiæ.*

The following opinion was filed April 11, 1933:

FRITZ, J.  Plaintiff seeks judgment setting aside a death benefit awarded by the Industrial Commission for the death of Frank Forman, during the hours and in the place of his employment by the plaintiff.  The evidence established that on September 8, 1930, Forman, who had taken a shower bath, as was permissible and usual during the last hour in his daily employment, had a heart attack while walking up

the third or fourth step of a stairway in his place of employment. The stairway was in proper condition, and safe in all respects. He fell backward against the wall and down to the floor, which was either twenty-two or thirty-one inches below the step from which he fell. He lived for one-half hour after the fall. He sustained a fracture of the skull as the result of the fall, and that fracture was the cause of his death, which occurred one-half hour after the fall. He probably would not have died as the result of the heart attack. The commission found, in its formal order making the award, that Forman "accidentally sustained personal injury resulting in his death," while in the employ of plaintiff and "performing service growing out of and incidental to his employment." In the memorandum filed in connection with its formal order, the commission stated that it was satisfied that "the fracture of the skull resulted because of the height from which the applicant's husband fell, and that inasmuch as his employment caused him to be exposed to a fall from such a height as he did fall, that his death occurred because of his employment so as to entitle the applicant to death benefit herein." That finding was warranted by the testimony of Dr. Tharinger that it was a very severe fracture, and was more likely from a fall from a height than from a fall from a standing position on the floor. As that evidence supports the commission's finding, it must be accepted as a verity in this action. *Newman v. Industrial Comm.* 203 Wis. 358, 234 N. W. 495; *Nebraska Seed Co. v. Industrial Comm.* 206 Wis. 199, 201, 239 N. W. 432.

The circuit court affirmed the award. The only error assigned on this appeal is that the court erred in refusing to set aside the commission's findings and award "on the ground that the fall itself, and the resulting injury and ensuing death, did not 'grow out of' the employment." Inasmuch as the commission found, upon evidence that amply supports

its finding, that Forman "accidentally sustained personal injury resulting in his death, . . . while in the employ of" plaintiff, and "performing service growing out of and incidental to his employment," the award was clearly within the provisions of sec. 102.03, Stats. 1929, even though it may be debatable whether, as contended by plaintiff, the fall itself, and the resulting injury and ensuing death, grew out of the employment.

So far as "any personal injury accidentally sustained" is concerned, there is no provision in the statutes of Wisconsin because of which it is necessary that such an injury "grow out of" the employment in order to render the employer liable for compensation. In that respect there is a material difference between the statutes of this state and those involved in the cases upon which plaintiff relies, in contending that liability for compensation is conditioned upon the injury growing out of the employment. The cases in other jurisdictions which are cited in support of plaintiff's contention were decided under statutes which, by their express provisions, allowed compensation only for injury "growing" or "arising" out of the employment. That is not required by any provision in the statutes of Wisconsin. There are no words in our statutes which require, so far as "any personal injury accidentally sustained" is concerned, that the injury *grow out of* the employment in order to render the employer liable for compensation. In that respect the only provision in our statute is that "the employee is performing *service growing out of* and incidental to *his employment;*" and as to the significance and scope of that provision, we have the legislative declaration, by an amendment in 1913 (ch. 599, Laws of 1913, p. 712), that:

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment." ·

Thus as regards "any personal injury accidentally sustained," sec. 102.03, Stats. 1929, in prescribing the "Conditions of liability," provided, so far as here material:

"Liability for . . . compensation . . . shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur:

"(1) . . .

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment.

"Every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment. . . .

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted."

The only provision in that statute creating an exception from liability for "any personal injury accidentally sustained" by an employee, when he and his employer are otherwise within the provisions of the compensation act, and the injury is proximately caused by accident, is when the injury is intentionally self-inflicted. That exception is not applicable in the case at bar. On the other hand there is no provision in the statute which exempts the employer from liability because some physical affliction or disorder of the employee preceded the accident, which proximately caused the personal injury sustained by the employee.

It is true that although there were then no words in the statutes expressly to that effect, it was said in *Hoenig* v. *Industrial Comm.* 159 Wis. 646, 648, 150 N. W. 996:

"It seems quite clear that the injuries for which compensation is to be paid, under the act, are such as are incidental to and grow out of the employment."

Although two prior decisions of this court were cited in support of that statement, nothing expressly to that effect

was held in those decisions, and the decisions from other jurisdictions, which were then cited, were based upon statutes which, in this particular respect, were worded otherwise than the statutes of this state. That statement of the rule was assumed to be warranted under our statutes in several cases, such as *Federal Rubber Mfg. Co. v. Havolic,* 162 Wis. 341, 156 N. W. 143; *Ellingson Lumber Co. v. Industrial Comm.* 168 Wis. 227, 169 N. W. 568; *Eagle River Bldg. & S. Co. v. Industrial Comm.* 199 Wis. 192, 225 N. W. 690; although in the last case the report of the legislative committee, which presented the original bill, was relied upon, in part, as basis for the rule. That report does state that one of the essential conditions for the payment of compensation is that "such *injury grew out of* and was incidental to *his employment.*" However, for some reason or another, that condition was not incorporated in the statutes, and the condition actually embodied therein, viz. "that the employee is performing *service growing out of* and incidental to *his employment,*" differs so materially in that respect that it affords no basis for holding that the statute requires that the injury grow out of the employment.

In this connection it should probably be noted that for a time, until the repeal thereof by sec. 39, ch. 403, Laws of 1931, an amendment by ch. 457, sec. 2, and ch. 668, Laws of 1919, sec. 102.35, Stats., provided that "the provisions of sections 102.01 to 102.34 . . . are extended so as to include, in addition to accidental injuries, all other injuries, including occupational diseases, growing out of and incidental to the employment." In so far as that amendment extended the provisions of the compensation act to "other injuries, including occupational diseases," than "personal injuries accidentally sustained," as to which compensation had theretofore been provided, the adjective clause "growing out of and incidental to the employment," which is in that

amendment, operated to limit the "other injuries including occupational diseases" to those growing out of and incidental to the employment. But that limitation is confined to the "other injuries including occupational diseases" to which that amendment extended the act so as to provide for compensation in instances "in addition to accidental injuries." But even as to that limitation in sec. 102.35, Stats. 1919 to 1929, it must be noted as reflecting the public policy of this state as disclosed in its legislative enactments, that all of sec. 102.35 was repealed by sec. 39 of ch. 403, Laws of 1931; and that by amendments provided for in sec. 5 of that chapter, the rather extensive scope (as compared to similar statutory provisions in other states) of sec. 102.03, Stats., in so far as it described the kind of injuries which were compensable thereunder, was even enlarged. By those amendments, liability for compensation against an employer, when both he and his employee are subject to the provisions of the compensation act, and the employee, at the time of the injury, is performing service growing out of and incidental to his employment, was extended to any "disability"—instead of any "injury accidentally sustained" as in former statutes —sustained by an employee, where the injury is not intentionally self-inflicted—instead of "where the injury is proximately caused by accident and is not intentionally self-inflicted," as in the former statutes.

Likewise, there is no exception under the statutes because the effect of the fall was no greater as a result of the industry itself than ordinarily under such circumstances, or because the conditions of exposure are no different by reason of the industry than they are ordinarily under similar circumstances. When any personal injury accidentally sustained by an employee is not self-inflicted, it makes no difference who was at fault or to blame. "The injury is compensable when it results from a hazard incidental to the industry,"

even though the hazard in an industry is no greater than it is ordinarily under a similar condition affecting human action. *Eagle River Bldg. & S. Co. v. Industrial Comm.*, *supra; Ellingson Lumber Co. v. Industrial Comm.*, *supra; Yellow Cab Co. v. Industrial Comm.* 210 Wis. 460, 246 N. W. 689. "It is not the nature of the hazard that is the determinative thing, but rather whether or not it is a usual or necessary incident to the employment." *Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328. In the case at bar the height of three or four steps above the floor constituted the hazard. That hazard was a usual and necessary incident to the employment, and it constituted the "determinative thing" regardless of the nature or extent of the hazard, and regardless of whether it was or was not more dangerous than three or four steps usually are. It is sufficient that that hazard, such as it was, pertained to and was inseparably connected with the industry, and that death resulted,—not because of the heart attack, but because of the accidental injury, i. e. the skull fracture, sustained in falling the increased height which resulted from that hazard.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 29, 1933.