EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY and
another, Appellants, vs. INDUSTRIAL COMMISSION and
another, Respondents.

*October 10—November 7, 1933.*

L. A. Pradt, Jr. of Wausau, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J. That there was a previous injury which affected the physical ability of Klemp, one of the respondents here, is conceded. The appellants claim that there was a pre-existing condition predisposing his knee to injury, and that that was the proximate cause of the disability, and that the subsequent disability is therefore not compensable.

The effect of a disease or infirmity existing before an accident occurs is to be separated from the effect of the later injury so far as that is possible in the administration of the workmen's compensation law. *Stombaugh v. Peerless Wire Fence Co.* 198 Mich. 445, 164 N. W. 537, was a case of a man having a chronic heart disease of long standing, resulting in a thinning of the wall of the right auricle of the heart to such an extent that any exertion might cause death. In that case the exercise accounted for the death; he was doing things in the usual way; there was no evidence of mischance, none of anything unexpected happening in the manner of doing it, nothing of a fortuitous or accidental nature was present. An award based on the proposition that deceased had been lifting rolls of wire and that this caused the rupture of the auricle was set aside. Where the pre-existing condi-

tion is so thoroughly established and is of such a serious nature that what happens thereafter cannot reasonably be held to be the result of a subsequent accident, no award would be allowed. There appears to be no questioning of the rule that no compensation is payable where a pre-existing condition causes the disability independent of any subsequent mishap. It was said in *Tucillo v. Ward Baking Co.* 180 App. Div. 302, 167 N. Y. Supp. 666:

"To establish the fact that a death resulted from an injury, it is clearly not sufficient to prove that the person received the injury; that an operation was performed on account thereof, and after he had apparently recovered from the effect of the operation and the anaesthesia he died from a disease which existed before the injury."

The changing of employment following industrial accident frequently creates perplexing problems, but the aim of the workmen's compensation act is to place the loss on the industry by requiring a particular employer to assume the burden which in an economic sense belongs there. One may be so afflicted with heart disease that anything which amounts to exercise in the usual procedure of his work may destroy his life. It would seem fair to say in such an instance that no industrial accident was responsible for the injury or the death. But in the case before us, the injury which was sustained by Klemp before the accident of September 14, 1931, had resulted in a permanent disability the equivalent of ten per cent. loss of his left leg at the knee. Doctor Rice testified concerning the condition of the knee previous to September 14, 1931: "The knee lacked approximately five per cent. full extension. . . . He could have gone on making a livelihood but suffering this five or ten per cent. partial permanent disability."

Klemp entered appellants' employment May 1930, and continued as an employee until he sustained injury September 14, 1931, by slipping on a piece of bark while engaged

in his work. This is an industrial accident and has resulted in temporary disability. The fact that he would have been stronger and less likely to sustain an injury of this character had he had the full strength of a normal knee does not change the liability of the employer. In *Casper Cone Co. v. Industrial Comm.* 165 Wis. 255, 161 N. W. 784, the doctrine is laid down that because of an existing weakness, injury by any undue straining of the muscles does not preclude the mishap from being a compensable injury. See *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247.

The injured man worked for appellant more than a year. Under the theory of the workmen's compensation law his wages go into the cost of the product produced as also does any impairment of his earning capacity suffered by reason of an industrial accident while so employed. Although his earning capacity may have been somewhat reduced by previous injuries, the impairment of his remaining ability is to be counted in the cost of the production in which he sustained further injury. Under the findings of the Industrial Commission, supported as they are by credible evidence, the circuit court properly confirmed the award.

*By the Court.*—Judgment affirmed.