KIESOW and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 12—February 6, 1934.*

For the appellants there was a brief by *Stephens, Slettle-land & Sutherland*, attorneys, and *A. E. Kilmer* of counsel, all of Madison, and oral argument by *Mr. Kilmer*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

FAIRCHILD, J.    The respondent Greening was injured in 1926 and again in 1929.    Both injuries were similar in nature and resulted in fractures of the metatarsal bones of the right foot.    Following each injury operations were performed on the foot for the purpose of eliminating pain due to a traumatic arthritis.    Compensation was allowed for the first injury and a compromise made on the basis of a thirty-five per cent. disability to the foot.    Upon the hearing on the application for compensation for the second injury, there was testimony by physicians that Greening had a permanent disability in the right foot at the ankle amounting to twenty per cent. as testified to by one doctor, or thirty-five per cent. as testified to by another.    One of the physicians in effect said that one-half of the disability was due to the first injury

and one-half to the second, and the commission allowed the fifteen per cent. disability described in the statement of facts.

Appellants base their appeal upon the proposition that there was no evidence to sustain the finding of the permanent disability of fifteen per cent. of the foot at the ankle because of the last injury. Their argument is that Greening, by reason of the settlement and compensation made for the injury arising from the first accident, has already been fully paid and that that compensation provided payment for all permanent injury up to thirty-five per cent. But the first settlement is not effective in excluding the compensation benefits following the subsequent injury if as a matter of fact the subsequent injury has lessened Greening's efficiency. Estimates of percentages of the character referred to are matters of some exactness, but they do not more than approach a reality for they rest in opinion. They are used to aid in adjustments of differences arising in cases of injury and to a reasonable extent furnish standards by' which to determine the limits of damages suffered by an injured workman. If the evidence showed that no permanent injury was occasioned by the second accident the award would have to be set aside. But if Greening had actually regained some of his lost power after the first injury or if a mistaken estimate was used as the basis of the compromise made in settlement of compensation for that injury, and his actual condition before the second injury is found to be better than after it, the compensation ought to be allowed; for the ability possessed by him before the second accident was his ability, contributed to his capacity to earn, and so far as that capacity was impaired the industry should bear the burden.

While there was testimony which, had it been accepted by the commission, would have sustained appellants' claim, there was also evidence tending to establish the fact that

Greening suffered a further impairment of his foot when the second accident occurred. He testifies:

"My foot was pretty good after I got the award and started to work for Mr. Kiesow. My foot was better then than it is now. . . . There was something the matter with my foot at that time and that condition remained in my foot after I started to work for Mr. Kiesow. My foot is worse now than it was following the accident (of 1926) that I had while working for Mr. Martin and up to the time I was working for Mr. Kiesow. It is quite a little worse."

Did he stand before the commission with no more permanent disability than was attached to him when he entered appellant's employment? Whether there was an overestimate of his disability following the 1926 accident or an unexpected improvement in his condition, there is evidence that the foot was better and of more service to him before the 1929 accident than it has been since. One physician fixes the amount of impairment of the member at thirty-five per cent., another at twenty per cent. The surgeon who performed both operations on Greening's foot was of the opinion that the 1926 injury had caused some disability to the foot and that the 1929 misfortune had added further impairment. This testimony with that of the injured man in which he describes the condition of his foot before the last accident and after, gives us a record upon which it cannot be said that the second injury did not cause a permanent disability as found by the commission.

*By the Court.*—Judgment affirmed.