MALLEABLE IRON RANGE COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 10—June 5, 1934.*

*Charles H. Gorman* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J.   The employee was afflicted with arteriosclerosis in an advanced degree.   This, of course, rendered him liable to just such a result as did occur.   There is testimony describing the load which Grant was drawing, and characterizing the work of drawing such a load up that particular grade as hard work.   To a man in the condition Grant was in, the risk of serious illness or death was increased by unusual exertion.   Medical testimony was given to the effect that increased exertion increased the hazard of a rupture.

The evidence leaves no room for doubt that the artery was extremely brittle and the rupture produced with less pressure or exertion than would have been required to cause it in a person of normal condition.   This fact, however, does not prevent the rupture from being the result of Grant's work.   See 60 A. L. R. 1299, and cases cited on page 1304 and following.   It is true that compensation was not intended to take the place of life insurance, but a showing of a fortuitous circumstance happening in the prosecution of one's work and having an open and direct relation to the industry causing injury, brings the case within the Workmen's Compensation Act.   The commission found a definite mishap to an employee, happening to him while performing services growing out of and incidental to his employment.   He was at the

time engaged in moving a heavy load up an incline, and while under the strain involved in the task of going up the short incline, the rupture in the artery happened.

The word "accident," as used in workmen's compensation cases, includes ruptures resulting from lifting heavy objects. *Vennen v. New Dells Lumber Co.* 161 Wis. 370, 154 N. W. 640. In *Bystrom Bros. v. Jacobson,* 162 Wis. 180, 155 N. W. 919, this court quoted approvingly from *Fenton v. Thorley & Co.* 89 L. T. Rep. 314, as follows:

"If a man, in lifting a weight or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap in ordinary parlance would be described as accidental."

The very serious condition of Grant, warranting a belief that his death was likely to follow almost any exertion, makes this a doubtful case, but we agree with the learned judge who tried the matter below that it cannot be said that there is no credible evidence to sustain the finding of the commission that the rupture was caused by the pulling of a heavily-loaded truck up a short incline, and that this exertion was the cause of the rupture and the subsequent death. *Milwaukee E. R. & L. Co. v. Industrial Comm.* 212 Wis. 227, 247 N. W. 841; *Bystrom Bros. v. Jacobson, supra;* 60 A. L. R. 1299.

*By the Court.*—Judgment affirmed.