## No. 13,461.

### Silver State Building and Loan Association v. Independence Indemnity Company.

(45 P. [2d] 642)

Decided May 13, 1935.

560

Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiff in error.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. WALTER W. BLOOD, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

THIS case was here before. See *Independence Indemnity Co. v. Silver State Building and Loan Association,* 93 Colo. 240, 25 P. (2d) 726. The facts are stated fully in the opinion in that report and need not be repeated at length here. This opinion should be read in connection with that. The facts disclosed by the record then before us, briefly stated, were these: One Crews, without the knowledge of the Indemnity Company, executed, as agent of that company and in its name, the building completion bond sued upon by the Building and Loan Association. The bond was given in compliance with an agreement whereby the Dencol Investment Company (owned by Crews) obligated itself to furnish the bond to the Building and Loan Association. The association, when it accepted the bonds, knew that Crews owned the Investment Company. The Indemnity Company had no notice of the execution of the bond, never received the premium, and never ratified the execution of the bond. We held that,

in executing the bond, Crews had a personal interest antagonistic to the Indemnity Company and that the Indemnity Company was not liable on the bond. We reversed the judgment rendered against that company, the order being, "The judgment is reversed." The remittitur was on the regular printed form used in cases of reversal. It stated: "It is therefore ordered and adjudged that the judgment of the said District Court be, and the same is hereby, reversed, annulled and altogether held for naught; and that this cause be remanded to said District Court for further proceedings according to law." It concluded: "Now, therefore, this cause is remanded to you, the said District Court, in and for the said City and County of Denver and State aforesaid, that such further proceedings may be had in said cause as shall conform to the judgment of this Court, entered as aforesaid, as also with the opinion filed therein."

After the remittitur reached the district court the Building and Loan Association moved for leave to amend its replication and the Indemnity Company moved for a dismissal of the case. The court refused leave to amend, and dismissed the case; whereupon the Building and Loan Association sued out this writ of error.

■ It is contended by the plaintiff in error that the mandate indicates that this court intended that there should be a new trial. Too much emphasis is placed upon the words "further proceedings." A dismissal may be a further proceeding. Whether or not a new trial is to be had upon reversal depends upon circumstances. This case was fully tried upon the merits, all the evidence that could be produced was produced at the trial, and there was no indication that there was any newly discovered or additional evidence that could be presented at another trial. It was not so much a case of failure of proof as it was a case where the record showed affirmatively that the plaintiff was not entitled to recover. That showing was made partly by admissions in the pleadings of the Building and Loan Association and the testimony

of its president, and partly by other evidence. Upon consideration of the entire record, we concluded, and held, that under the law, as applied to the facts, plaintiff was not and is not entitled to judgment. In the circumstances, there was only one thing for the trial court to do upon reversal, and that was to dismiss the case. In dismissing it, the trial court acted in obedience to our mandate; such proceedings conformed to the judgment and the opinion of this court.

It is unnecessary for us to deal at length with the ruling of the court denying leave to file the proposed amendment. The amendment was merely an elaboration of what already had been stated, but more concisely, in the pleadings; all of the evidence that could be admitted under the amendment could have been, and undoubtedly was, introduced under the issues as made; and all the matters alleged in the amendment were as well known to the pleader when the original pleadings were filed as when the amendment was tendered. The court did not err in refusing leave to amend.

The judgment is affirmed.