SCHMITT, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 11—April 7, 1937.*

*Louis S. Wiener* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Goodwill Industries and Liberty Mutual Insurance Company there was a brief by *Otjen & Otjen* of Milwaukee.

WICKHEM, J. Plaintiff entered the employ of defendant Goodwill Industries on December 20, 1933, and continued in its employ until August 4, 1934. He was seventy-two years of age on October 16, 1933. The parties are subject to the compensation act, and defendant Liberty Mutual Insurance Company is the insurance carrier involved. Plaintiff was employed in repairing toys, and the evidence sustains the conclusion that his employment required him to stand upon his feet during most of the hours of work. During all of the time of his employment he was suffering from arteriosclerosis in the lower limbs and from diabetes. This combination of ailments resulted in impairment of the circulation of blood in his feet, and for some time prior to his employment by defendant he had had trouble with his feet. Shortly prior to the time he was compelled to leave the employment, the bottom of his feet near the toes broke open, and he was not able to walk thereafter. The trouble was diagnosed as trophic ulcers of both feet, diabetes, myocardial degeneration, and general arteriosclerosis. The commission found that the primary cause of his trouble was impaired circulation resulting from arteriosclerosis and diabetes; that standing on his feet was not a circumstance particularly characteristic of the type of employment in which he was engaged; that aggravation of his existing infirmities by reason of his standing at his work was not to be classified as an occupational disease. In other words, the commission found that there had been no

accident, and that he did not suffer from an occupational disease. The commission found that the condition probably would have resulted from the physical infirmities irrespective of his standing position at work, and that the fact that he had to stand at his work was not a sufficiently material factor to be considered a proximate cause of the condition. There was evidence that his feet had never cracked before, and medical testimony that the feet were broken down by continued standing in a building which was trembling and vibrating from machinery; that his difficulty might not have occurred when it did if he had been able to do his work while seated.

Plaintiff relies on sec. 102.01 (2), Stats., which defines injury as mental or physical harm caused by accident or disease. Reliance is had upon the following cases : *Schroeder & Daly Co. v. Industrial Comm.* 169 Wis. 567, 173 N. W. 328. In this case a salesman slipped and injured his leg while on a public street while performing services for his employer. This was held to be a compensable injury. *Eagle River B. & S. Co. v. Industrial Comm.* 199 Wis. 192, 225 N. W. 690. Here the applicant was required to work out of doors during cold weather and froze his feet. This was held a compensable disability. *Yellow Cab Co. v. Industrial Comm.* 210 Wis. 460, 246 N. W. 689. In this case a cabdriver had to change a tire at night in freezing temperature, and due to the exposure had his resistance so lowered as to result in pneumonia. The disability was held compensable. *Milwaukee E. R. & L. Co. v. Industrial Comm.* 212 Wis. 227, 247 N. W. 841. In this case applicant had been afflicted with heart trouble. He had a heart attack while walking up the steps at his place of employment, fell, and sustained a skull fracture resulting in death. The injury was held to be compensable. *Malleable Iron Range Co. v. Industrial Comm.* 215 Wis. 560, 255 N. W. 123. Here the employee sustained a rupture of an artery while engaged in pulling a heavy load. He was held entitled to compensation. *Bystrom Brothers v. Jacobson,*

162 Wis. 180, 184, 155 N. W. 919. In this case muscle strain as a result of lifting was held to be compensable. *Vennen v. New Dells Lumber Co.* 161 Wis. 370, 374, 154 N. W. 640. It was here held that typhoid fever resulting from drinking polluted water while performing services was compensable.

It is our conclusion that the above cases are not applicable, and that the conclusions of the commission were correct for the reason that the evidence shows without dispute, (a) that plaintiff did not suffer from an occupational disease; and (b) his disability was not caused by an accident. It is sufficiently clear that plaintiff did not have an occupational disease. In *Marathon P. M. Co. v. Industrial Comm.* 203 Wis. 17, 19, 233 N. W. 558, the court said:

"If the occupation be one which naturally gives rise to a disease, then the disease acquired by reason of the occupation followed may properly be said to be an occupational disease, even though it might result from more than one occupation."

No relation between plaintiff's employment and his diabetes or arteriosclerosis is even claimed to exist, and it is perfectly obvious that these are general systemic disorders having no relation to his employment. Nor does the record disclose any event that can be considered to constitute an accident. In *Vennen v. New Dells Lumber Co., supra,* the court said:

". . . The term 'accidental,' as used in compensation laws, denotes something unusual, unexpected, and undesigned. The nature of it implies that there was an external act or occurrence which caused the personal injury. . . . It contemplates an event not within one's foresight and expectation, resulting in a mishap causing injury to the employee."

In *Bystrom Brothers v. Jacobson, supra,* the court said, referring to a violent straining of the muscles resulting in a rupture:

". . . The thing which occurred was somewhat unusual. It was unexpected and undesigned. There was an external

occurrence. The lifting of the heavy block while the workman was not in an advantageous position to do so, required him to unduly strain the muscles of his right side. The undue strain was not foreseen or expected. A mishap resulted,—a muscular spasm and consequent disability."

In each of the cases relied upon by plaintiff there was some event which the court considered to fall within these definitions of accident. Here there was nothing but the fact that plaintiff ultimately broke down while employed, and that the ordinary physical wear and tear of his work may have had some slight tendency to accelerate his disability. Had there been an accident to plaintiff, the fact that the accident aggravated a pre-existing disease or physical weakness would not have affected his right to compensation. *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385. Unless, however, the disability be shown to have resulted from an occupational disease, its cause must be found in an accident in order to warrant the award of compensation, and a mere breakdown due to disease is not compensable, even if the physical effort involved in the work made some contribution to the final disability. In *Employers Mut. L. Ins. Co. v. Industrial Comm.* 212 Wis. 669, 671, 250 N. W. 758, it is said :

". . . One may be so afflicted with heart disease that anything which amounts to exercise in the usual procedure of his work may destroy his life. It would seem fair to say in such an instance that no industrial accident was responsible for the injury or the death."

It follows from the foregoing considerations that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.