MERTON LUMBER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.*

*October 11—November 9, 1951.*

\*Motion for rehearing denied, without costs, on February 5, 1952.

110

For the appellants there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents M. & M. Realty Company and Bituminous Casualty Corporation there was a brief by *Grelle & Schlotthauer* of Madison, and oral argument by *George Schlotthauer.*

*L. A. Tarrell* of Milwaukee, for the respondent Everett Rankin.

BROWN, J. The examiner's memorandum, quoted above, down to the asterisk is a fair statement of the medical evidence. Then follow the examiner's conclusions:

"The examiner is of the opinion that the incident of March 10, 1949, did not constitute an injury caused by accident. It appears to have been too insignificant and the applicant's condition at that time to have been too vulnerable to constitute an industrial accident."

This, formalized as a finding of fact, resulted in the commission's order dismissing Rankin's compensation claim against the M. and M. Realty Company. We find testimony to support the finding. Dr. DeWorth, one of the attending physicians in the last disability, testified that considering the

history of the disabilities of 1941 and 1947, any exertion could precipitate a seizure such as Rankin had on March 10, 1949. Dr. Regan testified that given a predisposition of the back, simple bending could result in the protrusion of a disc. He also testified that in this case because of the 1941 injury, there was a predisposition to a protrusion of a disc. The conclusion that though the 1949 injury occurred on the job it was not caused by the job has evidence in its support and must be sustained on the authority of *Employers Mut. L. Ins. Co. v. Industrial Comm.* (1933), 212 Wis. 669, 250 N. W. 758, and *Schmitt v. Industrial Comm.* (1937), 224 Wis. 531, 272 N. W. 486, cited by the examiner.

The examiner's memorandum then continues:

"The examiner is further of the opinion that the incident of February 3, 1947, involving as it did not merely lifting the planks but also the twisting of the body in throwing them to the side, did constitute an accident causing injury at that time and materially contributed to his condition."

All the medical evidence supports this statement, and the examiner goes on:

"It was, in fact, that accident which brought the applicant's condition to the point where protrusion might occur at any time merely upon the ordinary incidents of life and every day work without further incident sufficient to constitute an industrial accident."

We do not consider that the evidence supports this statement nor that it is consistent with statements which follow it in the memorandum. Dr. Regan testified that after the (1941) original injury the structures which restrain the disc from protruding do not rehabilitate themselves and there is further loosening of the ligaments with the passage of time without any further application of trauma, until the disc can no longer be contained. He also testified that the accident of 1947 caused further damage to the structures.

Neither he nor anyone testified as to when the back reached the stage when the disc was ready to slip nor when it would have been ready if the 1947 accident had not occurred. It is a verity that Rankin worked for two years after the 1947 accident without disability, subjecting his back not only to the minor vicissitudes of life but to the strains of the hard labor of a farmer and a carpenter. The testimony is that each accident contributed to a result which was reached after the passage of considerable time. It is speculating as to the effect of each accident to say that it was the 1947 accident which brought the condition to the point where protrusion could occur at any time without further industrial accident.

The memorandum continues:

"The applicant's condition is the result of an accident or accidents. . . . There is no medical testimony as to the exact relative contribution of each of the accidents to the ultimate result."

This is most clearly in accord with all the medical testimony.

The memorandum ends:

"The accident which produces the ultimate material contribution to the final result and to the later disability is apparently responsible."

The final statement is carried over into the commission's finding of fact that the disability which began March 10, 1949, was the result of the accident of February 3, 1947. It rests upon the proposition of law that where several industrial accidents unite to produce a disability which becomes manifest after the employee has left the employment, and there is no testimony as to the exact contribution of each, or any accident, all liability for compensation shall be charged to the employer at the date of the last accident. It seems to us that this is as arbitrary and unwarranted a procedure

as that which was disapproved in *South Side R. & M. Co. v. Industrial Comm.* (1948), 252 Wis. 403, 31 N. W. (2d) 577. There the commission found that a first injury started a back condition which was aggravated by a second injury and further aggravated by a third and that the disability for which compensation was sought was the cumulative effect of the three injuries. There was a different employer at the time of each injury. The commission divided the liability into three equal parts and we reversed because it did not appear in the evidence that the contributions of the several accidents were equal. We said (p. 409):

"To justify assessing either employer here sought to be charged with one third of the compensation which Armbruster's alleged disability is considered to merit, the commission ought to have found upon competent evidence that the only causes of his present disability were those three injuries and that each was equal in causal effect to each of the others. No such finding was made, nor could it be supported by the evidence."

In the instant case the commission did find the accident of 1947 caused the disability. It made no reference to any other, and we consider such finding is contrary to all the evidence and in making it the commission acted without and in excess of its powers. *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 360, 133 N. W. 209. The evidence on the cause of disability is as it was in the *South Side R. & M. Co. Case, supra.* Reverting to the examiner's opinion which we have already quoted: ". . . the injury of 1941 probably initiated the trouble and weakened the structures. . . . the accident of February 3, 1947, caused more injury to the structures. . . . The applicant's condition is the result of an accident or accidents, . . . [The accident of February 3, 1947] materially contributed to his condition. . . . There is no medical testimony as to the exact relative contribution of each of the accidents to the ultimate result. . . ." Upon

a similar succession and accumulation of accidents and injuries and a lack of evidence as to their relative contribution to the end result in the *South Side R. & M. Co. Case,* we held the commission in error in finding one third of such result attributable to each particular accident. The percentages are not important. The point is that there was no evidence to sustain any given percentage. Now the commission sets out some damage caused by injury to the back in 1941, and increased in 1947, states that there is no medical testimony as to their relative contributions to the ultimate result and follows that with a finding that the 1947 injury was the cause. The commission could not have found on this record that the 1947 injury was one third or one half the cause; no more can .it find that it was the whole cause. No witness so testified and the examiner's own statement discredits it. We are left with the situation as it was in the *South Side R. & M. Co.* matter. The witnesses have established the present disability as the result of an accumulation of injuries but have not testified to their relative contributions. None of them even suggested that the disability was all due to the accident in 1947. Since there is no such comparison in the testimony the commission's finding in that respect is without support in the evidence.

From the medical testimony it is reasonable to infer that the 1941 injury so weakened the structures which restrain the disc from protruding as to initiate a progressive condition that eventually would cause such structure to give away and the disc to protrude without any further accidental injury. There is no medical testimony that the accident of 1947 accelerated this condition and caused the disc to protrude earlier than it would have done without the 1947 accident. Therefore, it would be indulging in speculation and conjecture for the commission to hold, in the absence of such medical testimony, that the 1947 accident

did accelerate the ultimate protrusion of the disc which would eventually have occurred as a result of the 1941 accident.

Counsel for the commission suggests that the knowledge and experience of the commission must be given consideration. We gladly concede it and hope to give it in all proper cases. But while such knowledge and experience is of great value in the appraisal of evidence it is by no means a substitute for evidence. The constitutionality of the Workmen's Compensation Act depends upon the right of judicial review to determine whether the findings are supported by evidence. *Borgnis v. Falk Co., supra.* There can be no review of material not in the record and the commission's knowledge and experience is not there. To subject the rights of either employee or employer to decisions based upon facts or expert opinions which do not appear of record would be a denial of due process of law. The findings of fact in the present case cannot be sustained on that principle.

*By the Court.*—Judgment of the circuit court reversed and record remanded for further proceedings.

BROADFOOT, J., dissents.