M. & M. REALTY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.*

*April 9—May 4, 1954.*

* Motion for rehearing denied, without costs, on June 18, 1954.

54

For the appellants there was a brief by *Grelle & Schlott-hauer*, and oral argument by *John F. Jenswold*, all of Madison.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Merton Lumber Company and Hartford Accident & Indemnity Company there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee.

For the respondent Everett Rankin there was oral argument by *L. A. Tarrell* of Milwaukee.

CURRIE, J.   The following three questions are presented on this appeal: (1) Did the Industrial Commission have jurisdiction, upon the remand of the record to it from the circuit court following the decision of this court on the first appeal, to take additional testimony and make factual determinations different from those previously made; (2) was our decision on the first appeal *res adjudicata* on the issue of the plaintiffs' liability to Rankin; and (3) is there credible evidence, which, if unexplained, will sustain the finding that Rankin sustained an injury to his back on March 10, 1949, while in the employ of M. & M. Realty Company, and that

the accident causing said injury arose out of his employment by said employer?

The statutory provisions covering judicial review of determinations by the commission in workmen's compensation cases, and for remanding the record by the reviewing court, are to be found in secs. 102.23 and 102.24, Stats.

Sec. 102.23 (1), Stats., provides that "the findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive" upon judicial review. Such statute further provides that an order or award of the commission "shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."

This court has uniformly held that the commission acts *"in excess of its powers"* if it makes a finding of fact not supported by the evidence. *International H. Co. v. Industrial Comm.* (1914), 157 Wis. 167, 174, 147 N. W. 53; and *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 359, 360, 133 N. W. 209. By our decision on the first appeal we determined that there was no credible evidence in the record to support the commission's finding that Rankin's 1947 accident, while in the employ of the Merton Lumber Company, caused the disability which disabled him from working two years later in 1949. Such determination on our part, under the express provision of sec. 102.23 (1) (a), Stats., authorized this court to set aside the commission's order.

The same interlocutory order of the commission before us for review on the first appeal not only awarded Rankin compensation against Merton Lumber Company and its

insurance carrier, but also dismissed his application against M. & M. Realty Company and its carrier, which latter determination, unlike the first, was supported by credible evidence. Sec. 102.23 (1), Stats., is entirely silent on the subject of an order of the commission which makes more than one determination, and does not restrict the power of the reviewing court to setting aside only the portion of the order as to which the commission exceeded its powers. The statute is broad enough to be interpreted to mean that the court has power in its discretion to set aside the entire order and we so construe the statute. It is a necessary corollary of such construction that the court may also in its discretion set aside only the part of the order not supported by the evidence, and permit to stand the other portion that is sustained by the evidence.

As an appellate court, this court has the power to direct the circuit court to enter the same type of judgment that the statute authorizes the circuit court to enter in the first instance when the latter court reviews orders of the Industrial Commission. Sec. 102.24 (1), Stats., provides in part as follows:

"Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, *for further hearing or proceedings;* or it may enter the proper judgment upon the findings, as the nature of the case shall demand." (Italics supplied.)

If under sec. 102.23 (1), Stats., the court is authorized to set aside the order of the commission, there would seem to be no question but that under the above-quoted provision of sec. 102.24 (1), this court has the power, through its mandate to the circuit court, to authorize the commission to undertake further proceedings in the nature of a new trial by directing that the circuit court remand the record to the commission *"for further proceedings."*

Our mandate on the first appeal read as follows: "Judgment of the circuit court reversed and record remanded for further proceedings." After the record had been remanded by the circuit court to the commission, the commission assumed it was authorized in its discretion to conduct a further hearing and take further evidence and make entire new findings of fact. The plaintiffs and defendants on this appeal are at loggerheads as to whether the mandate of our decision on the first appeal authorized the commission to do this.

The plaintiffs contend that although our mandate on the first appeal did not allude to our opinion, resort must be had to the opinion in order to properly construe the words *"for further proceedings."* Stress is laid by plaintiffs upon the statement made at page 114 of our opinion on the prior appeal wherein we stated:

"The conclusion that though the 1949 injury occurred on the job it was not caused by the job has evidence in its support and must be sustained on the authority of *Employers Mut. L. Ins. Co. v. Industrial Comm.* (1933), 212 Wis. 669, 250 N. W. 758, and *Schmitt v. Industrial Comm.* (1937), 224 Wis. 531, 272 N. W. 486, cited by the examiner."

It is further pointed out by plaintiffs that the legal effect of the above-quoted statement in our former opinion was to determine that the portion of the order before us for review, which dismissed Rankin's application as to the M. & M. Realty Company and its carrier, was supported by credible evidence and therefore must stand. In view of this, it is urged that the only *"further proceedings"* which the Industrial Commission was authorized to take under our mandate (in so far as the M. & M. Realty Company and its carrier is concerned) was to dismiss Rankin's application as to them.

If it had been the intention of this court that that part of the foregoing order before us on review, which dismissed

the proceedings as to the plaintiff M. & M. Realty Company should stand, then our mandate should only have directed the trial court to affirm such part of the order, and to reverse only that part thereof relating to the Merton Lumber Company.

There is good authority for holding that in a situation where a mandate makes no reference to the opinion and is inconsistent with the opinion the mandate prevails. The United States supreme court in *West v. Brashear* (1840), 39 U. S. (14 Pet.) 51, 10 L. Ed. 350, 351, at page 54, said:

"There has been some discussion at the bar as to the principles by which a circuit court of the United States is to be governed when executing a mandate from the supreme court. Undoubtedly the mandate must be its guide. It is the judgment of this court transmitted to the circuit court. And when the direction contained in the mandate is precise and unambiguous, it is the duty of the circuit court to carry it into execution, and not to look elsewhere for authority to change its meaning."

However, the commission is required to act pursuant to the mandate of the circuit court to it, and not the mandate from this court to the circuit court. The form of the mandate of the circuit court to the commission following our decision on the first appeal is the mandate here to be considered rather than the mandate of this court. We made no remand to the commission but only to the circuit court. If we were to accept plaintiffs' argument at face value, that our mandate together with our opinion should be so construed as to have required that the circuit court remand to the commission with directions to dismiss the application as to the M. & M. Realty Company and its carrier, the circuit court did not so construe it. Instead of so construing our mandate, the circuit court set aside the whole order of the commission (not just a part thereof) and remanded the record to the commission *"for further proceedings."* Thus anything stated by this

court in its opinion constituted no part of the circuit court's mandate to the commission because the latter made no reference to our opinion. Sec. 251.16, Stats., required that a certified copy of our opinion accompany the remittitur from this court to the circuit court, but the same would properly remain part of the circuit court files in the action because there is no statutory requirement that it be forwarded by the circuit court to the commission. Thus the circuit court's mandate to the commission contained no restriction as to what type of *"further proceedings"* it was authorized to conduct. As the setting aside of the commission's original order carried with it the setting aside of all prior findings, the commission started with a clean slate. In view of the provisions of sec. 102.24 (1), the commission properly interpreted the circuit court's mandate as authorizing the taking of further testimony and making entire new findings of fact.

If the circuit court's mandate were erroneous (our conclusion is otherwise), such error cannot be reviewed now on this appeal because the within action for review is a separate and distinct action from the one originally instituted to review the first order of the commission. Parties who were defendants in the first action are now plaintiffs in this action and *vice versa*. If in entering judgment on remittitur, the circuit court does not follow this court's mandate, the sole remedy of the aggrieved party is by original action for mandamus in this court. *Barlow & Seelig Mfg. Co. v. Patch* (1940), 236 Wis. 223, 295 N. W. 39; *Litgen v. Eggert* (1941), 238 Wis. 121, 297 N. W. 382.

We do not consider that there is any question presented on this appeal as to the wisdom, from a standpoint of policy, of this court in effect authorizing a new trial by the commission in a workmen's compensation case under a fact situation such as was presented to us on the first appeal. If our former mandate was such as to authorize a new hear-

ing, then any considerations as to the advisability of so doing are now beside the point as we are confronted with a *fait accompli.*

Plaintiffs further contend that by our stating in the former opinion that there was evidence to sustain the finding of the commission, that though the 1949 injury to Rankin occurred while he was working for M. & M. Realty Company it was not caused by such employment, such statement in our former opinion is *res adjudicata* as to the plaintiff employer's liability on this appeal. The effect of our mandate was to require the trial court to set aside the prior order of the commission in its entirety which carried with it all prior findings of fact. Therefore, there remained no finding of fact upon which to ground a claim of *res adjudicata.*

We now turn to the last contention of the plaintiffs, that the evidence in the record does not sustain the second set of findings made by the commission holding that Rankin's accident which occurred on March 10, 1949, while in the employ of M. & M. Realty Company, constituted a compensable injury arising out of his employment by such employer.

Rankin testified that on that day when he bent from his waist to pick up two 2 x 4s 16 feet long he felt a catch in his back. He stopped work immediately within a minute or two after the accident and went home. On March 21st and March 22d, he attempted to work but had to desist both times and did not work again up to the time of the operation on his back. While Rankin had had periods of disability following the 1941 and 1947 accidents, he had had no pain running down his leg until after the March 10, 1949, accident.

Dr. James R. Reagen, who specializes in orthopedic surgery, was one of the principal medical witnesses. He examined Rankin on March 27, 1949, and found him at that time

completely disabled. Dr. Reagen testified that at the time he operated on Rankin following the March 10, 1949, accident, he found a massive disc protrusion of the spine. He testified positively that the March, 1949, incident (the accident in the employ of the M. & M. Realty Company) was the one that caused the disability which completely disabled Rankin, although he had some weakening of "the posterior structures" before that. Dr. Reagen further stated, "You don't have to have a severe injury to protrude a disc that has been weakened."

Dr. J. Howard Johnson, also an orthopedic surgeon, testified that the disc protrusion was of recent origin, and certainly of less than three months' duration. He further stated that what Rankin did on March 10, 1949, in lifting the two 2 x 4s, was sufficient to produce the protrusion.

From the foregoing we conclude that there was ample credible evidence to sustain the finding of the commission that Rankin's injury of March 10, 1949, while in the employ of the M. & M. Realty Company, was the one which caused his disability arising out of his employment by that employer. The fact, that the structures which previously had held the disc in place between the vertebrae of his back had been weakened by a prior injury, or injuries, so as to make his back more susceptible to injury, does not preclude holding the M. & M. Realty Company and its insurance carrier liable for the entire disability. Numerous decisions of this court have held that an employer takes an employee "as is" and the fact that he may be susceptible to injury by reason of a pre-existing physical condition does not relieve the last employer from being held liable for workmen's compensation benefits if the employee becomes injured due to his employment, even though the injury may not have been such as to have caused disability in a normal individual. On this point, we need only quote from our decision in *General*

*A. F. & L. Assur. Corp. v. Industrial Comm.* (1937), 223 Wis. 635, 652, 271 N. W. 385:

"This court has frequently found that the fact that there was a pre-existing physical condition without which there would not have been serious injury is immaterial. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *Milwaukee E. R. & L. Co. v. Industrial Comm.* 212 Wis. 227, 247 N. W. 841; *Employers Mut. L. Ins. Co. v. Industrial Comm.* 212 Wis. 669, 250 N. W. 758; *Malleable Iron Range Co. v. Industrial Comm.* 215 Wis. 560, 255 N. W. 123."

We would be confronted with a different situation if we had before us a finding supported by credible evidence that the 1947 accident, while Rankin was in the employ of the Merton Lumber Company, had caused partial permanent disability. In case of such a finding it would have been the duty of the commission to have determined the percentage of the disability due from such 1947 accident and subtract such percentage from the total percentage of partial permanent disability found to exist after the 1949 accident. Such difference would determine the liability of the plaintiff M. & M. Realty Company and its carrier in this action. The decisions in the following cases touch on the problem of the liability of successive employers in a situation where an industrial accident has occurred in the employment of each, each of which accidents caused some partial permanent disability. *Employers Mut. L. Ins. Co. v. Industrial Comm.* (1933), 212 Wis. 669, 250 N. W. 758; *Kiesow v. Industrial Comm.* (1934), 214 Wis. 285, 252 N. W. 604; and *South Side R. & M. Co. v. Industrial Comm.* (1948), 252 Wis. 403, 31 N. W. (2d) 577. None of the three foregoing cases stated the rule in the same manner as we have above. However, we believe that the rule as we have stated it herein is not only equitable and workable, but also not inconsistent with any of the provisions of the Workmen's Compensation Act.

The fact, that a former injury may have produced a weakness in the employee's body making him more susceptible to further injury than would a normal individual, does not necessarily in itself establish a partial permanent disability of a compensable nature. Such employee might never sustain a further injury, in which case he never will be disabled.

*By the Court.*—Judgment affirmed.

GEHL, J. (*dissenting*). By an erroneous construction of the mandate contained in *Merton Lumber Co. v. Industrial Comm.* (1951), 260 Wis. 109, 50 N. W. (2d) 42, we have conceded to the Industrial Commision power and authority which even we do not possess. If the mandate must be construed as authorizing the commission to do whatever it might chose to do, we had no authority to so direct. The rule of *res adjudicata,* that when a question of law or fact has once been determined by a court of competent jurisdiction and there is identity of persons and parties it cannot be again contested between the same parties, whether in the same or any other court, is not only one of substantive law. It is a limitation upon the power of the court. Once a cause is disposed of and determined the jurisdiction of the court in that action is terminated. *Two Rivers Mfg. Co. v. Beyer* (1889), 74 Wis. 210, 42 N. W. 232.

In *Merton Lumber Co. v. Industrial Comm., supra,* M. & M. Realty Company was a party and had been a party to the proceedings from their inception. The commission's examiner found that the incident of March 10, 1949, when claimant was in the employ of M. & M. Realty Company did not constitute an injury caused by accident. The commission confirmed the examiner, the trial court upon proceedings to review confirmed, we confirmed and said that "the conclusion that though the 1949 injury occurred on the job it was not caused by the job has evidence in its support and must be sustained." What we said was not *obiter dictum.* The

question was presented and argued in this court, disposed of by judicial determination, and the matter closed.

Now it is held that by the terms of the mandate which reversed the judgment and remanded the record for further proceedings the commission was given authority to grant claimant a new trial. Reversed which judgment? Only that which confirmed the award against the Merton Lumber Company; that was the only action of the commission which we held to be erroneous. This court when it remanded the record for further proceedings must have intended that such proceedings must be had as are compatible with the opinion and in accordance with the law—to set aside the findings and order of the commission requiring the Merton Lumber Company to pay compensation to the claimant, certainly a further proceeding. Under the circumstances there was only one thing for the trial court to do. and that was to direct the commission to vacate the award against Merton Lumber Company. *Silver State Building & Loan Asso. v. Independence Indemnity Co.* (1935), 96 Colo. 559, 45 Pac. (2d) 642; *Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co.* (D. C. 1927), 21 Fed. (2d) 692.

I agree with the majority that sec. 102.23 (1), Stats., may be interpreted to mean that the court has power in its discretion to set aside in its entirety an order of the commission. But that is not the question in this case. As I view it we did not set aside the entire order.

Sec. 102.24 (1), Stats., to which the majority refer, provides:

"(1) Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, for further hearing or proceedings; or it may enter the proper judgment upon the findings, as the nature of the case shall demand. An abstract of the judgment entered by the trial court upon the review of any order or award shall be made by the clerk thereof upon

the docket entry of any judgment which may theretofore have been rendered upon such order or award and transcripts of such abstract may thereupon be obtained for like entry upon the dockets of the courts of other counties."

It is not applicable. We did not set aside the order or award as it affects M. & M. Realty Company. We confirmed it. I am unable to read out of its provisions even when considered with the provision of sec. 102.23 (1), Stats., any authority to retry an issue once finally determined by a court of last resort.

The majority say that it was not our mandate in the *Merton Lumber Co. Case* but that of the trial court made upon remittitur which controlled the action of the commission. The mandate of the trial court was that the commission vacate its order directing payment by Merton Lumber Company and "for further proceedings." Thus the court used our language. May we construe its language differently than we do our own? Or may we, as the majority say we should, assume that because it made no reference to our opinion, it was intended by it to authorize the commission to act in excess of its authority? The majority point to the fact that the circuit court is not required to forward to the commissioner the opinion of this court and that, consequently, the commission is not to be concerned with it; that it is to be concerned only with the mandate of the trial court. They say also that "the commission is required to act pursuant to the mandate of the circuit court to it, and not the mandate from this court to the circuit court." Do they mean by that that if the mandate of the circuit court is inconsistent with ours the former's direction should control?

We are not here concerned with the remedy available to an aggrieved party where the circuit court refuses to follow our mandate. I do not construe the trial court's memorandum as being inconsistent with ours. It remitted for further

proceedings just as we did; for proceedings to be had in accordance with the law, even though the commission might choose to ignore what we said in our opinion.

I would reverse the judgment. I am authorized to state that Mr. Justice BROWN and Mr. Justice STEINLE join in this dissent.