THOMAS, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 9—June 3, 1958.*

480

For the appellant there was a brief and oral argument by *J. L. McMonigal* of Berlin.

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CURRIE, J.   Both the Industrial Commission and the trial court grounded their determination, that the plaintiff employee's application for further benefits must be dismissed, upon the decision of this court in *California Packing Co. v. Industrial Comm.* (1955), 270 Wis. 72, 70 N. W. (2d) 200. The rationale of that decision was that the commission exceeded its powers in making an award for permanent partial disability interlocutory where there was no competent evidence in the record that the injured employee's percentage of permanent disability might increase in the future. *Maynard Electric Steel C. Co. v. Industrial Comm.* (1956), 273 Wis. 38, 49, 76 N. W. (2d) 604.

The memorandum opinion of the learned trial judge erroneously interpreted the *California Packing Co. Case* decision as holding that the commission does not have the power to enter an order determining the percentage of permanent partial disability and at the same time to reserve jurisdiction to enter a further order in the event the disability should increase in the future.  This same mistaken interpretation of our holding in the *California Packing Co. Case* was ad-

vanced by the appellants in *Maynard Electric Steel C. Co. v. Industrial Comm., supra,* and therein rejected by this court. We made it clear in our decision in such latter case that the commission does possess such power in a case in which evidence is presented that the applicant employee's disability is likely to increase in the future.

The facts of the *California Packing Co. Case* differ materially from those of the instant appeal in that in such case the employer and its insurance carrier instituted a timely action for review in the circuit court attacking the interlocutory provision of the commission's order. This the state, as Thomas' employer, did not do. The issue on this appeal is whether the retention of jurisdiction by the commission, by making its original order interlocutory instead of final, was void or merely erroneous. Unless it was void, the state's right to attack the interlocutory character of the order was lost by not commencing an action for review within thirty days from the date of the commission's order.

The three statutory grounds for review of either an interlocutory or final order of the commission in a workmen's compensation case are stated in sec. 102.23 (1), Stats., to be:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order of award."

The ground of attack of an order of the commission not supported by credible evidence is that the commission acted "in excess of its powers." *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 359, 360, 133 N. W. 209, and *M. & M. Realty Co. v. Industrial Comm.* (1954), 267 Wis. 52, 64 N. W. (2d) 413. The state contends that, because the commission acted in excess of its powers in making its original award interlocutory in character, it necessarily follows that the

commission's reservation of jurisdiction in such order was void. We do not consider that this is so.

For example, let us assume that there was no credible evidence in the record of the hearings had upon the original application to sustain the finding of 15 per cent permanent partial disability of the left leg of the injured employee, and after the lapse of thirty days from the date of the award the state had refused to pay the amount of the award to the employee. The courts would have no hesitancy in such a situation to hold that the state had lost its right to question the absence of credible evidence to sustain the award because of its failure to institute a timely action for court review. Nevertheless, the commission acted in excess of its powers in making the award without any credible evidence to sustain it. We cannot logically distinguish that situation from the instant case where the commission erroneously made its order interlocutory without there being any evidence in the record that the employee's disability might increase in the future.

In *State v. Industrial Comm.* (1956), 272 Wis. 409, 76 N. W. (2d) 362, the state as employer attacked the act of the commission in requesting a medical report from an independent impartial medical examiner appointed by it. On appeal the state contended such act was void because the commission in so doing acted in excess of its powers. This court found it unnecessary to pass on such issue because it was determined that the state had waived the same by not objecting to such medical examiner's report being admitted into evidence. If the act of the commission had been void and not merely erroneous there could have been no such determination of waiver.

While all erroneous orders of the commission which are not supported by credible evidence may be attacked in timely instituted actions for court review on the ground that the commission exceeded its powers, such orders are not neces-

sarily void. The past decisions of the court in the workmen's compensation field do not equate the commission's acting in excess of its powers with that of exceeding its jurisdiction. The commission, the same as courts, must be deemed to have some jurisdiction to commit error.

In determining whether an act of the commission in excess of its powers is jurisdictional in character and therefore void, we consider that the problem is analogous to that of deciding whether the same act on the part of a court of limited jurisdiction would be held to be void or merely erroneous. For a situation where an order of the commission was held to be void because of the commission having exceeded its jurisdiction, see *Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 602, 76 N. W. (2d) 343. In that case the commission entered an order after it had lost jurisdiction in the case.

The *California Packing Co. Case* demonstrates that an employer has an adequate remedy to review an unauthorized entry by the commission of an interlocutory instead of a final order by instituting a timely action for court review. We deem that this should be the employer's only remedy to challenge such an interlocutory order, and that the employer waives his right to later attack such an order if he has failed to take advantage of such remedy.

*By the Court.*—Judgment reversed, and cause remanded with directions to set aside the order of the commission, and for the circuit court to in turn remand the proceeding to the Industrial Commission for further action not inconsistent with this opinion.

BROWN, J. (*dissenting*). I submit, with all respect, that unless we overrule *California Packing Co. v. Industrial Comm.* (1955), 270 Wis. 72, 70 N. W. (2d) 200, we are controlled by it and it requires a setting aside of that part of the examiner's order which attempted to reserve jurisdiction

to award further compensation benefits if the employee's condition changed for the worse. Both the Industrial Commission and the learned trial court so interpreted the *California Packing Co.* opinion and mandate.

In *California Packing Co. v. Industrial Comm., supra,* and in the case now before us, we have to consider an order declaring a partial permanent disability and an award of compensation made on the basis of the permanent disability so found. In both cases there was also an order reserving jurisdiction to increase the benefits if the employee's condition should deteriorate. In neither case was there any evidence of the likelihood of such change; all the evidence in each case was to the effect that the condition had become static. The time, then, had come for a final order. Under such circumstances in *California Packing Co. v. Industrial Comm., supra,* we said (p. 77): ". . . the order based on the finding of 64 per cent permanent disability was a final order; and that the commission may not reserve jurisdiction to award further benefits." The learned trial court had (p. 73), ". . . set aside that portion of the commission's order which reserved jurisdiction . . . and confirmed the order awarding the 64 per cent permanent disability." We affirmed.

If jurisdiction may not be reserved, it seems to me that jurisdiction must end and the order made in reliance on jurisdiction which does not exist is void and a nullity. The commission and the learned trial court so interpreted our opinion and our mandate in *California Packing Co. v. Industrial Comm., supra.* Court and commission retained that portion of the present order which was a final order while setting aside the part attempting, without supporting evidence, to reserve jurisdiction to act further.

The learned trial court, in the present case, well said:

"The application of the plaintiff for additional compensation, and which is the subject of this review, was dismissed

by the commission for want of jurisdiction in accordance with the rule established in the case of *California Packing Co. v. Industrial Comm.*, 270 Wis. 72. In this case the court held that where the commission finds and fixes the extent of permanent partial disability after the healing period is over it becomes a final order and the commission thereafter is without jurisdiction to treat such an order as an interlocutory one, not for the same disability, and reserve jurisdiction to make any further order."

Believing that that is what we determined in *California Packing Co. v. Industrial Comm., supra,* I consider the judgment below should be affirmed.

I am authorized to say that Mr. Chief Justice MARTIN joins in this dissent.