VILLAGE OF KIEL, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 5—May 23, 1916.*

*Workmen's compensation: Who are "employees:" "Policemen:" Village marshal: Enforcing state law.*

The night marshal of a village, having the powers and duties of a village peace officer, is a "policeman" and therefore an "employee" of the village within the meaning of sec. 2394—7, Stats.; and the village is liable to make compensation for an injury accidentally sustained by him in performing a duty incident to his office, whether in the enforcement of a village ordinance or of a state law.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commission.*

*Mary Hanske* is the widow of Edmond Hanske, deceased. He was fatally injured while performing duties of night mar-

shal of plaintiff.    That occurred August 23, 1914, by reason
of deceased attempting to prevent one, Lettenberger, from vio-
lating the speed laws of the state in plaintiff's streets, and to
arrest him for such violation.    The marshal and policemen
were empowered by ordinance, among other things, to pre-
serve the peace and good order in the village, and to arrest
and remove from the streets all persons in any way found
guilty of disorderly conduct.    The village had no police force
other than the marshal.    He was selected by the village board
to perform the duties of a policeman at night, under the name
of night marshal, and to act as janitor of the city hall.    The
village board, pursuant to its authority to have a marshal and
policemen, selected the deceased to do police duty, giving him
the title of night marshal, and adding that of janitor because
he was required to act as such.    Contemplating such a selec-
tion, the board invited bids to perform the duties of the double
place.    The deceased responded, his bid was accepted, and he
was selected by ballot.    He filed an official bond and consti-
tutional oath.    He was performing the duties of his place
when injured.    After his decease, his widow duly made a
claim against the village under the Workmen's Compensation
Act for her loss.    The *Commission* allowed her $2,640, be-
sides bills for medical attendance and nurse hire, upon the
ground that when Hanske was injured, he and the village
were subject to the provisions of the Workmen's Compensa-
tion Law and the injury happened while he was performing
service growing out of and incidental to his employment.
The circuit court confirmed the award and rendered judg-
ment accordingly.

For the appellant there was a brief by *Nash & Nash,* and
oral argument by *E. G. Nash.*

For the respondent *Industrial Commission of Wisconsin*
there was a brief signed by the *Attorney General* and *Winfield
W. Gilman,* assistant attorney general, which brief was con-
curred in by *Byron H. Stebbins,* guardian *ad litem* for the re-

spondent *Hanske;* and the cause was argued orally by *Mr. Gilman* and *Mr. Stebbins.*

A brief was also filed by *Michael Levin,* as *amicus curiæ.*

MARSHALL, J.   Counsel for appellant concede, as the fact is, that if the deceased was a policeman, within the meaning of the Workmen's Compensation Law, and appellant is liable if he was injured, while engaged, as such, in endeavoring to enforce a state law from which the village derived no special benefit in its corporate capacity, the judgment is right and should be affirmed.   Therefore, counsel at the outset in their brief, say the only question it is desired to raise is whether a village marshal is a policeman within the meaning of such law, suggesting that such question really covers the two matters.

Counsel's suggestion as to the scope of the single question is supported by *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929, where this court held that if a policeman is injured in performing a duty incident to his office, whether it is that of enforcing a municipal ordinance or of enforcing a penal law of the state, he is such official under sec. 2394—7, Stats., which provides that policemen shall be deemed employees within the meaning of sub. (1) of such section.   The one whose injury was the subject of that action was engaged, when injured, in the enforcement of a state law, and the point was made that there could be no recovery; but the court decided otherwise.   The infirmity in the contention to the contrary is obvious.   A policeman is deemed to be an employee, as we have seen, and sec. 2394—3 provides for liability of the employer for the accidental injury and consequent death of the employee "where, at the time of the accident, the employee is performing service growing out of and incidental to his employment."   No exception is made.   Therefore, it can make no difference whether a policeman, in the line of his duty, is engaged in the enforcement of a state law, or of a

municipal ordinance, when injured.    It is within the scope of the powers and duties of a village peace officer, empowered as the marshal was in the particular instance, to do what the deceased did at the time of, and which resulted in, his injury. That seems to be conceded; but if not, there can be no fair doubt about it.    So if he was a policeman within the meaning of the Workmen's Compensation Law, as counsel so freely concede, we need not go further in considering the case.

Though we have been favored with quite a lengthy argument on the questions suggested on behalf of appellant, in view of what the court has heretofore decided, it is not thought best or necessary to review such argument in reaching the right of the matter involved.    This case, as we view it, does not present any new question.    In *State ex rel. Brown v. Appleby,* 139 Wis. 195, 120 N. W. 861, it was held that a municipal marshal, in the broad general sense, is a policeman; that it is the nature of the duties of the place and not, necessarily, the title of the incumbent, which is the determining factor as to what such incumbent is.    That was followed in *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929, where it was distinctly held that a village marshal, in doing police duty, is, in respect thereto, a policeman and hence an employee, under the Workmen's Compensation Law.

The decisions referred to certainly cover this case in respondents' favor at all points.    To go further and discuss the matter at length and with the degree of detail which the arguments of counsel invite, would rather tend to confuse than to illumine, and take from the otherwise value of the decision rendered, as a precedent.    We will therefore rest the result on the previous determinations; assuring counsel, however, that we do not fail to appreciate the labor they have bestowed upon the case and have not omitted to examine their briefs with care to see if there is anything therein not covered by our former decisions.

We may well say here, what has been, in terms, or effect, said many times before, that the Workmen's Compensation

Law is a humane remedial enactment, which was placed upon our statute books to give vitality to the idea that personal injury losses incident to employee service, are as much a part of the labor cost of such service as wages paid and should, in some practicable way, be so treated. Therefore the legislative language used in the act to that end should be as liberally construed to effect the beneficent purpose intended, as it reasonably can be. It is useless to try to minimize the scope of such language by confining the meaning of words to any technical signification. Rules of strict construction are not applicable to the law, as the results of the many cases which have come to this court amply illustrate, and should efficiently operate to prevent litigation grounded on logic which would narrow the scope of the enactment. Construction, where construction is permissible, which will give to the law its fullest reasonable scope, is thought to be what is required to carry out the legislative purpose, in harmony with what was said in *Sadowski v. Thomas F. Co.* 157 Wis. 443, 449, 146 N. W. 770.

*By the Court.*—The judgment is affirmed.