MARATHON PAPER MILLS COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 11—December 9, 1930.*

The cause was submitted for the appellants on the brief of *Brown, Pradt & Genrich* of Wausau, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

OWEN, J.  Clarence Huntington had been in the employ of the Marathon Paper Mills Company since 1910.  His work consisted in loading all kinds of printing paper, sheets, bundles, cases, and rolls.  This was heavy work.  It called for the lifting of rolls of paper weighing from 25 to 200 pounds.  The average weight would be about 100 pounds, but during this time he lifted "thousands and thousands weighing 200 pounds."  In the afternoon of January 23d, while stooping over to pick up a roll, he sustained a hernia, which the Industrial Commission found to be an occupational hernia, and awarded compensation.

Appellants' contention seems to be that there is no such thing as an industrial hernia.  Reference is made to a statement of this court found in *Belle City M. I. Co. v. Industrial Comm.* 180 Wis. 344, 347, 192 N. W. 1010, that "We do not say that a state of facts may not exist which would show hernia to be, within the meaning of the statute, an occupational disease or an injury other than accidental, growing out of the applicant's employment.  We do say that there is no evidence in this case to sustain such a finding." It is claimed that this language leaves it an open question whether hernia may be called an occupational disease, and appellants venture the suggestion that to do so would be a legal monstrosity.

The attorney general refers us to a work entitled "Accidents in Their Medico-Legal Aspects," edited by Douglas Knocker, where this statement is found:  "There is no actual occupation which specifically produces hernia.  Continuous strain, especially where the breath is held and the pressure in the abdomen is raised, may gradually lead to

hernia, no matter what the work is." Page 701. "All laborious occupations tend to gradually produce hernia. The heavy work long continued, especially with the patient holding the breath, raises the internal abdominal pressure, which affects some weak spot in the abdominal wall, and slowly and persistently stretches it, so that a hernia forms here by degrees until it is large enough to attract the attention of the patient." Pages 702, 703. We do not see that a disease which may result from various industrial pursuits prevents it from being an occupational disease, within the contemplation and purpose of the workmen's compensation act. If the occupation be one which naturally gives rise to a disease, then the disease acquired by reason of the occupation followed may properly be said to be an occupational disease, even though it might result from more than one occupation.

The work followed by the applicant during his twenty years of service with the Marathon Paper Mills Company closely responds to the conditions described by Knocker which give rise to an occupational hernia. In *McCarthy v. Sawyer-Goodman Co.* 194 Wis. 198, 215 N. W. 824, we referred to the familiarity which the members of the Industrial Commission have acquired with the subject of hernias and expressed our reluctance to disturb their findings made in connection with that subject. It appears that there is such a thing as an occupational hernia, that the work followed by the applicant during a long series of years was such as was calculated to give rise to such a result, and the commission having found that the hernia was the result of the occupation, we can find no justification for a reversal of its finding or an interference with its award.

*By the Court.*—Judgment affirmed.