STEWART, Respondent, vs. INDUSTRIAL COMMISSION, Defendant: SHILTS, Appellant.

*October 11—November 8, 1940.*

For the appellant there was a brief by *Stafford & Stafford,* attorneys, and *John Frampton* of counsel, all of Chippewa Falls, and oral argument by *Mr. Frampton.*

*Clarence E. Rinehard* of Chippewa Falls, for the respondent.

FOWLER, J. The defendant employee appeals from a judgment vacating the award of the Industrial Commission to him as an employee of the plaintiff for the loss of an eye that resulted from an accident that occurred while the employee was at work in a garage operated by the employer. There is no dispute as to the employment, the injury, or the resulting loss. The plaintiff claimed that during the time of the applicant's employment prior to the injury he did not have in his employ the necessary three workmen to bring him under the statute, sec. 102.04 (2), but the commission found the fact against the plaintiff, and it is conceded that this finding is supported by the evidence. The circuit court vacated the award on the ground that the compensation was barred by the two-year statute of limitation, sec. 102.12, Stats.

The employee was injured on October 24, 1933, by a piece of steel striking him in the eye while he was using a hammer to remove a wheel. Two weeks later the eye was removed.

The application for compensation was filed with the Industrial Commission on July 16, 1938.

The limitation statute, sec. 102.12, provides that in case of injury of which the employer receives notice, if no payment of compensation (other than medical treatment) is made and no application is filed with the Industrial Commission within two years from the date of the injury, compensation is barred. The employer had notice of the injury in the instant case, and application for compensation was not filed with the commission within the two-year period.

The commission found that compensation was paid to the applicant by the employer within the two-year period. This finding is based upon the following testimony of the applicant: "He [employer] gave me $10 when I was laid up, before the eye was removed." "I received $10 when I was home sick." "He just came up to the house and he never said very much; he never does very much; he came up to the house and sat there for a few minutes and handed me $10 and said, maybe you can use this." He did not say "he was giving" the $10. "I don't claim that Mr. Stewart ever said to me, here is $10 for your injury. I don't claim he said that at any time." The applicant's wife testified that while her husband was sick in the house after the injury they had no money in the house; that during that time the employer came to the house and talked with her husband; that after he was gone her husband gave her $10 saying that the employer gave it to him but she did not see the employer give it to him.

The employer denies giving the applicant anything until 1937 when he gave him a check for $10 with which to buy a glass eye. The applicant claims he received this check in addition to the $10 in money.

From this testimony the commission might properly find as a fact that the applicant received $10 from the employer within two years from the time of his injury. The examiner

inferred from this fact that the $10 was a payment of compensation. That the $10 was paid because the applicant had received his injury is quite true. But it does not follow that it was paid as compensation for the injury.

To make the $10 operate as compensation it must have been handed over by the employer with intent of recognizing his obligation for industrial compensation. Such is the rule as to validating an outlawed debt by the handing over of money. *Estate of Shea,* 198 Wis. 613, 616, 225 N. W. 326. Upon parity of reason the money must have been paid over in the instant case with intent that it was as compensation under the Workmen's Compensation Act, as there was no obligation otherwise.

The trial judge was of opinion that from the evidence stated the first $10 claimed by the employee to have been handed to him by the plaintiff must be considered as a gift. In view of the conduct of the parties at the time and subsequently we consider that the view of the circuit court is correct. After removal of his eye the employee continued in the employ of the plaintiff until the latter part of 1937. During all this time not a word was said between the parties as to compensation. The employee was paid his wages and nothing more. The employee himself manifestly did not understand at the time that the $10 was paid that it was paid as compensation under the compensation act else he would not have let nearly five years go by without applying for compensation. The employee's conduct can only be reasonably construed on the hypothesis that he considered the payment as a gift, not as payment of or toward an obligation. As said by the trial judge in his written opinion filed:

"Now, there must be proof, (1) that compensation was paid; and (2) that the compensation so paid was paid to apply upon the liability of the plaintiff to the defendant Shilts growing out of the injury sustained by said defendant while in the employ of the plaintiff. These two requirements must be

spelled out of the words which the plaintiff used when the $10 were handed to Shilts, to wit: 'Here are $10, maybe you can use them.' Surely, liabilities running into the thousands of dollars cannot be predicated upon such conjectural conclusion as the commission must have indulged in. The natural meaning of that sentence is that the $10 so handed to Shilts was a gift pure and simple. Nothing more can honestly be spelled out of it."

Many cases are cited by counsel for appellant to the point that if there is any credible evidence to support an inference of ultimate fact drawn from the credible evidence as to the evidentiary facts, the finding as to the ultimate fact must stand. We are, of course, familiar with that rule as it is stressed in nearly every industrial compensation case that comes before us. But the rule has a limitation. Though the evidentiary facts found by the commission are supported by credible evidence in the record, the inference drawn from the facts must be a reasonable one or it must fall. Just as "supported by evidence," in statutes making the findings of administrative boards conclusive, means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Consolidated Edison Co. v. National Labor Relations Board,* 305 U. S. 197, 229, 59 Sup. Ct. 206, 83 L. Ed. 126, so the evidentiary facts on which the commission bases a conclusion of ultimate fact must be such as a "reasonable mind might accept as adequate to support" that conclusion. We consider that the inference drawn by the commission from the evidence that the employer handed the employee $10 during the two weeks intervening between the accident and the removal of the eye does not reasonably support the conclusion of fact drawn by the commission that it was paid as compensation.

*By the Court.*—The judgment of the circuit court is affirmed.