Kroger Grocery & Baking Company, Appellant, vs. Industrial Commission and another, Respondents.

*December 4, 1941—January 13, 1942.*

For the appellant there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

Fowler, J.  This is a workmen's compensation case.  The only question raised may be stated as follows : May a dermatitis be considered as an occupational disease under the Workmen's Compensation Act when an employee uses the cleaning compound known as "Gold Dust" in his work, he is allergic to "Gold Dust" and the use of the "Gold Dust" causes the dermatitis ?

The commission found the facts above stated and all jurisdictional facts, the latter of which are conceded.  They also found in connection with the above that the instant workman "had a susceptibility to the development of a dermatitis by reason of coming in contact with 'Gold Dust' so that he was more likely to develop a dermatitis from it than persons not having any such susceptibility."  The appellant under this finding bases its appeal on the propositions :

" (1) That a dermatitis caused by a body being allergic to some certain substance is not an occupational disease, unless that disease is one acquired by such a percentage of persons as the result of and as an incident of working in an industry over a period of time, as to lead to the conclusion that such disease is the expectable result of conditions inherent in the occupation.

" (2) That the law was not intended to cover every allergic tendency of certain sensitized individuals to certain substances."

We perceive nothing in the compensation act that warrants an inference of the propositions stated.  The statute merely provides for compensation for "injuries" caused by "accident or disease" that "arise out of his [the workman's] employment."  Secs. 102.01 (2), 102.03 (1) (e), Stats.  Under this language any disease that is caused by an employee's work becomes compensable.  The propositions run counter to the established rule "that the fact that there was a pre-existing physical condition without which there would not have been serious injury is immaterial."  *General A. F. & L. Assur.*

*Corp. v. Industrial Comm.* 223 Wis. 635, 652, 271 N. W. 385, and cases there cited. The instant situation is no different from that involved in *Creamery Package Mfg. Co. v. Industrial Comm.* 234 Wis. 683, 291 N. W. 299, affirmed without opinion, wherein, as disclosed by the case and briefs on file, the workman was found to be afflicted with "bronchial asthma" caused by being subjected in his work to substances to which he was allergic and an award was sustained. This is the only case involving allergy which has been called to our attention. The point was there urged as here that the disease involved was "due to peculiar eccentricity of an [the] individual," not something "which affects all individuals."

*By the Court.*—The judgment of the circuit court is affirmed.