ANDRZECZAK, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 18—November 20, 1945.*

For the appellant there was a brief by *Max Raskin* and *William F. Quick,* both of Milwaukee, and oral argument by *Mr. Raskin.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Delta Manufacturing Company and Employers Mutual Liability Insurance Company there was a brief by *Bloomquist & Iding* of Milwaukee, and oral argument by *J. A. Bloomquist* and *Katherine B. Iding.*

BARLOW, J. The commission denied plaintiff's application for compensation on the ground that his claim was barred by the two-year statute of limitations, sec. 102.12, Stats. The facts are not in dispute, and are set forth in the findings and order of the Industrial Commission as follows:

"The applicant, an employee of the respondent, suffered accidental injury to his left wrist on April 7, 1939, when a lathe bed tipped over and as he tried to catch it with the left hand it twisted his left wrist backward, resulting in injury. His left wrist was painful and became swollen. He went to the nurse, who sent him to Dr. Heidner, who advised him he had a sprained wrist. No compensation was paid by the employer and insurance carrier except expense for medical treatment. His wrist continued to be painful, but not painful enough to prevent his working. In February, 1943, the applicant again called on Dr. Heidner, who took an X ray and informed him that there was necrosis or degeneration of one of the bones in his wrist. The applicant filed application for adjustment of claim with the Industrial Commission, June 14, 1943."

Plaintiff contends that where application for benefits is filed within two years from the date the employee knew the nature of the disability and its relation to the employment he has complied with ch. 102, Stats., even though more than two years had elapsed from the date of the accident. The material parts of the statutes involved provide:

Sec. 102.12 ". . . Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred."

Sec. 102.01 (2) ". . . 'Time of injury,' 'occurrence of injury,' 'date of injury,' is the date of the accident which caused the injury or in the case of disease, the last day of work for the last employer whose employment caused disability."

Plaintiff admits that he suffered continuing pain from the time of the injury on April 7, 1939, until February 19, 1943, when he was unable to continue his work and had a further examination made of the injury. It was at that time he was first advised there was a necrosis or degeneration of one of the bones of the wrist. In order to come within the statute plaintiff contends that continued use of the wrist, with all of its twisting and bending that his work required, finally caused a necrosis, or what is known in medicine as "Kienboch's disease," and that it is therefore an occupational disease which permits the filing of a claim within two years from the time he knew or ought to have known the nature of the disability and its relation to his employment.

Liability for occupational diseases was created by ch. 668, Laws of 1919. Prior to that time they were not compensable. An accidental injury is an injury that results from a definite mishap. *Yellow Cab Co. v. Industrial Comm.* (1933) 210 Wis. 460, 246 N. W. 689; *Malleable Iron Range Co. v. Industrial Comm.* (1934) 215 Wis. 560, 255 N. W. 123. An occupational disease is a disease acquired as a result of work in the employment over an appreciable period of time. *Marathon P. M. Co. v. Industrial Comm.* (1930) 203 Wis. 17, 233 N. W. 558; *Rathjen v. Industrial Comm.* (1940) 233 Wis. 452, 289 N. W. 618; *Kroger Grocery & Baking Co. v.*

*Industrial Comm.* (1942) 239 Wis. 455, 1 N. W. (2d) 802. The fact that a disease follows an accident does not make the disease an occupational disease. *Rathjen v. Industrial Comm., supra.* It was there said (p. 460) :

"The mere fact that a disease follows as a result of an accident does not constitute suffering therefrom an occupational disease within the contemplation of the act." See also *State ex rel. Watter v. Industrial Comm.* (1939) 233 Wis. 48, 287 N. W. 692.

It is undisputed that on April 7, 1939, this plaintiff was injured in the course of his employment and his claim for compensation is based on this injury. He suffered continually from the date of the injury until June 14, 1943, when he filed an application for compensation.

*Trustees, M. R. Sanatorium v. Industrial Comm.* (1937) 224 Wis. 536, 272 N. W. 483, is cited to sustain plaintiff's position, but that was clearly a case of occupational disease and does not apply. Plaintiff also relies on *Acme Body Works v. Industrial Comm.* (1931) 204 Wis. 493, 234 N. W. 756, 236 N. W. 378, which holds that the statute begins to run from the date compensable injury arises rather than from the time of the accident. It is often referred to as an "eye-injury case" with industrial blindness following the injury at a later date. That case was decided prior to the time the legislature added definitions to the compensation act. The first definitions were added in 1931, when sec. 102.01 (2), Stats., was added to the statutes, which was amended by ch. 402, Laws of 1933, as follows :

". . . 'Time of injury,' 'occurrence of injury,' 'date of injury,' is the date of the accident which caused the injury, or in the case of disease, the last day of work for the last employer whose employment caused disability."

This statute as amended in 1933 has not been changed and is in full force and effect. It was unquestionably passed to fix

the time when the two-year period would begin to run in industrial-accident cases, which is the date of the injury, and in occupational-disease cases, which is the last day of work for the last employer whose employment caused disability. Just how this affects sec. 102.12, Stats., which provides that in industrial-disease cases application shall be filed with the Industrial Commission within two years from the date the employee or his dependent knew or ought to have known the nature of his disability and its relation to the employment, we are not called upon to decide here, as it is considered this was an industrial accident, and under ch. 102, Stats., the failure to file an application with the Industrial Commission within two years from the date of the accident bars recovery. This is necessarily an unfortunate result as the injured person consulted a competent physician at the time of the injury and approximately five months thereafter, and continued to work at all times even though suffering considerable pain, relying on the advice of his physician, which was undoubtedly honestly given. If it is a condition that arises frequently the remedy is with the legislature.

*By the Court.*—Judgment affirmed.