ZABKOWICZ, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*May 8—June 2, 1953.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellant city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Cornelius J. Merten,* assistant city attorney, and oral argument by *Mr. Merten.*

For the respondent there was a brief by *Fendryk & Fendryk* of Milwaukee, and oral argument by *Leo C. Fendryk.*

FAIRCHILD, J. The court below ruled that the findings required in accident cases do not appear to support the dismissal of the application for compensation, although filed more than two years after the date of an accidental injury, even though it is conceded that no compensation had been paid and the employer did not know and ought not to have known within the two-year period that the employee had sustained or probably would sustain permanent disability. On this point the ruling of the commission is referred to, and there is no occasion for returning the matter to the commission to consider further the facts which are conceded to exist. A further consideration of the evidence, on a remand of the case, would not change the result and would be a futile procedure. The law upon the subject leaves no opportunity for further consideration of the liability, because the facts are conceded.

The confusion has arisen because of the interpretation of the statute by the learned trial judge. The difference which exists between an industrial accident and an occupational disease has always been recognized in legislation governing workmen's compensation. The Industrial Commission and the courts generally have, in their ruling upon such matters, based decisions on that quite natural and logical distinction. Liability for injury by accident in industry was first written into the law, and later relief for occupational disease was provided for. The date of an industrial accident, including the results incidental thereto, is the time of the occurrence of the injury. Limitation on the required notice began to run from that moment. Occupational disease and its results were not and are not now so positively and readily discoverable as in the case of an accidental injury. Because of the uncertainties as to cause and its relation to the employment, the occupational disease was a subject for different legislation from that of industrial accident. See discussion in *Milwaukee*

*M. & G. I. Works v. Industrial Comm.* 220 Wis. 244, 263 N. W. 662, 265 N. W. 394; *Schaefer & Co. v. Industrial Comm.* 220 Wis. 289, 265 N. W. 390. In *Rathjen v. Industrial Comm.* 233 Wis. 452, 289 N. W. 618, this court, at page 460, said, with reference to similar contentions, that they could not be sustained for the reason that the employee was not suffering from an occupational disease "as distinguished from the injury due to the accident for which he was awarded compensation. Construed liberally and most favorably to him, his allegations merely show that as the result of but a single accidental injury, . . . he claims to have a disease which he characterizes as an occupational disease. In that respect his allegations, at best, show that his claim for additional compensation is for injury which occurred on July 27, 1935, and not for an occupational disease." And the doctrine of the case is expressed in headnote 3, where it is said: "The mere fact that a disease follows as a result of an accident does not constitute suffering therefrom an occupational disease within the contemplation of the compensation act. An occupational disease, within the act, is a disease, such as silicosis, which is acquired as the result and an incident of working in an industry over an extended period of time."

Under the rule as it existed by virtue of the statutes then in effect (sec. 102.12, Stats. 1947), an employee, who, having received no payment of compensation, and, having filed no application with the commission within two years from the date of the injury known to him or of which he should have known and its relation to the employment, was barred from right to compensation unless the employer "knew or should have known, within the two-year period, that the employee had sustained or probably would sustain permanent disability." *Creamery Package Mfg. Co. v. Industrial Comm.* 226 Wis. 429, 277 N. W. 117. Sec. 102.12, Stats. 1947, reads:

". . . Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred, except that the right to compensation shall not be barred if the employer knew or should have known, within the two-year period, that the employee had sustained or probably would sustain permanent disability."

It should be noted that in ch. 102, Stats. 1947, relating to workmen's compensation, sub. (2) of sec. 102.01, Stats., there were definitions providing as follows: ". . . 'Time of injury,' 'occurrence of injury,' 'date of injury' is the date of the accident which caused the injury, or in the case of disease, the last day of work for the last employer whose employment caused disability."

The date of the injury and the knowledge of the applicant of such injury are not in dispute. Likewise it is without question that no compensation was paid to the applicant because of his injury. He knew he had been injured on April 22, 1948. The testimony shows that the applicant lost no time from work until three years after the injury. The employer had no information previous to July, 1951, that the applicant had sustained or probably "would sustain permanent disability" due to the injury. The resolving of the question of limitation as determined by the commission must be upheld, because the applicant knew immediately of the injury. It is the knowledge of the employee of the nature of his disability and its relation to his employment that is important. Under the terminology of the statute and the definitions fixed therein, the case is controlled by the undisputed evidence which establishes that when the applicant fell from the ladder he bruised his knees. He got up, walked around, and asked for medical treatment two or three hours later. He saw Dr.

Neacy. The diagnosis, according to Zabkowicz's testimony, was contusions and abrasions of both legs. It follows from this that he knew immediately that he had injured his right knee as a result of the fall. This is not a case where the employee's knowledge of the development of his disability is important, because this is not a case of occupational disease. *Rathjen v. Industrial Comm., supra.* There is no necessity for further findings when it is conceded by all that knowledge of the "time of injury is the date of the accident," April 22, 1948. The ultimate findings include all undisputed material facts and are necessarily sustained by the evidence. *Heineman Lumber Co. v. Industrial Comm.* 226 Wis. 373, 276 N. W. 343; *Jutton-Kelly Co. v. Industrial Comm.* 220 Wis. 127, 264 N. W. 630; *Stewart v. Industrial Comm.* 236 Wis. 167, 294 N. W. 515; *Andrzeczak v. Industrial Comm.* 248 Wis. 12, 20 N. W. (2d) 551, headnote 1. In the last case cited it was held that an accidental injury is an injury that results from a definite mishap, while an occupational disease is a disease acquired as a result of work in the employment over an appreciable period of time. The mere fact that a diseased condition follows an accident does not make the disease an occupational disease.

Since the commission found that the injury was sustained on April 22, 1948, and because it was an accidental injury known immediately to the applicant, and no compensation had been paid, and the applicant had not filed notice until more than three years thereafter, and because the employer had no information previous to July, 1951, that Zabkowicz had sustained or probably would sustain permanent disability due to his injury, it necessarily follows that the claim was barred by the provisions of sec. 102.12, Stats. 1947, as it existed before the passage of ch. 107, Laws of 1949. The commission's order dismissing the application should have been confirmed.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded with directions to confirm the order of the Industrial Commission and enter judgment accordingly.

CURRIE, J. (*dissenting*).   Sec. 102.12, Stats. 1947, provides in part as follows:

"Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, *or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment,* the right to compensation therefor shall be barred, except that the right to compensation shall not be barred if the employer knew or should have known, within the two-year period, that the employee had sustained or probably would sustain permanent disability." (Italics ours.)

The majority opinion construes the italicized portion of the foregoing quoted statute as applying only to cases of occupational disease and not to injuries received as a result of industrial accident. These words of the statute are plain and unambiguous and I can see no necessity for resorting to any statutory history in order to construe their meaning.

The learned trial judge in construing such words of the statute as applied to the plaintiff employee stated:

"Even though he does not file within two years from the date of injury, he is entitled to have a determination on the merits if he files within two years from the date when he knew or ought to have known the nature of the disability, and its relation to the employment, even though this may have been three or four years after the date of injury."

I fully agree with the learned trial court's interpretation of the statute as applied to the plaintiff employee in the instant case. It seems to me that the statutory construction favored

by the majority opinion, which would exclude such provision of the statute from having any application to industrial accident cases, violates the rule of construction which this court has so many times stated, *i. e.,* that provisions of the Workmen's Compensation Act are to be as liberally construed to effect the beneficent purposes intended as it reasonably can be. *Kiel v. Industrial Comm.* (1916), 163 Wis. 441, 445, 158 N. W. 68; *Ronning v. Industrial Comm.* (1925), 185 Wis. 384, 387, 200 N. W. 652; and *Johnson v. Wisconsin Lumber & Supply Co.* (1931), 203 Wis. 304, 234 N. W. 506, 72 A. L. R. 1279.

As well stated by Mr. Chief Justice ROSENBERRY in *Johnson v. Wisconsin Lumber & Supply Co., supra* (p. 310):

"It has been said over and over again in workmen's compensation cases that the act should be liberally construed, and a consideration of the cases indicates that a most liberal construction has been placed upon it in order that the injured workmen may be compensated for injuries incident to their employment."

In the instant case the plaintiff employee lost no time from work from the date of the injury on April 22, 1948, until July, 1951, when he had a recurrence of severe swelling to his right knee and consulted two physicians. One diagnosed the condition as a "ruptured cartilage" and the other as a "possible torn cartilage," and both recommended surgery. The plaintiff employee then promptly filed his application for compensation with the commission under date of July 27, 1951. It was not until the examination of these two physicians in July, 1951, that plaintiff claims that he had any intimation that the condition of his knee was due to a ruptured or torn cartilage.

The foregoing facts would support a finding that plaintiff did not know until July, 1951, *"the nature of the disability."* If this is so, his application was filed within two years of the time that he did know the nature of his disability.

The fact that this court by prior decisions has construed the afore-quoted language of the statute as applying only to industrial disease and not to industrial accident should not deter us from refusing to follow such past precedents if we are convinced that they were erroneous. No rule of property or principle of law applicable to commercial transactions is involved.

For the reasons hereinbefore stated, I would affirm the judgment of the trial court, which remanded the proceedings to the Industrial Commission to make a finding "as to whether the employee knew or ought to have known the nature of the disability and its relation to the employment."

I am authorized to state that Mr. Justice BROADFOOT concurs in this dissenting opinion.