Fairchild, J.
 

 Pendzich’s last day of work for Ladish was February 19, 1952. Ladish was the employer whose employment allegedly caused Pendzich’s occupational deafness. Thus, February 19, 1952, was the date of injury for the purpose of his claim against Ladish. Sec. 102.01 (2), Stats.;
 
 Green Bay Drop Forge Co. v. Industrial Comm.
 
 (1953), 265 Wis. 38, 60 N. W. (2d) 409, 61 N. W. (2d) 847. See also
 
 Discher v. Industrial Comm.
 
 (1960), 10 Wis. (2d) 637, 103 N. W. (2d) 519.
 

 Pendzich’s right to compensation must be determined in accordance with the provisions of law in effect February 19, 1952. Sec. 102.03 (4), Stats.
 

 His right to apply for workmen’s compensation “shall not extend beyond six years from the date of injury.” Sec. 102.17 (4), Stats. 1951. His application, however, was filed six years and four months after the date of injury.
 

 The commission applied the rules just referred to, and properly did so unless one of two theories advanced by counsel for Pendzich can be sustained.
 

 1.
 
 Effect of ch. 281, Laws of 1955.
 
 This enactment, effective July 1, 1955, was a modification of the law with respect
 
 *533
 
 to occupational deafness. One change had been accomplished by ch. 328, Laws of 1953, effective July 1, 1953. It amended sec. 102.565, Stats., so as to authorize compensation for occupational loss of hearing. Ch. 281, Laws of 1955, removed this subject from sec. 102.565, and created sec. 102.555 with new provisions. Sub. (4) thereof provides compensation for occupational deafness under certain circumstances. Apparently sub. (4) would have been applicable to Pendzich’s claim if his retirement had taken place on or after July 1, 1955. Par. (e) of sub. (4) provides, in part: “No claim under this subsection shall be filed, however, until six consecutive months of removal from noisy employment after the time of injury.” Sub. (5) thereof provides: “The limitation provisions in this act [ch. 102, Stats.] shall control claims arising under this section. Such provisions shall run from the first date upon which claim may be filed, . . .” Counsel urges that this enactment extends the period of limitation on Pendzich’s claim to six years plus six months. There may be several reasons why this is not so. One, at least, is that par. (e) was not in effect during the six-month period following February 19, 1952, and no law required Pendzich to delay his application after that date. Under the
 
 Green Bay Drop Forge
 
 decision, he could have fixed an even earlier date of injury had he applied for compensation before February 19, 1952.
 

 2.
 
 Effect of Acme Body Works v. Industrial Comm. (1931), 204 Wis. 493, 234 N. W. 756, 236 N. W. 378.
 
 This decision was that where an accident occurred in 1920 and resulted in the eventual formation of a cataract and blindness not observed until 1926, the latter was the “date of injury” from which the six-year period of limitations was to be measured. Counsel argues that under the
 
 Acme
 
 decision, the six-year period has not commenced to run on Pendzich’s claim. A sufficient answer is that the statutory definition of “date of injury” was inserted by ch. 403, Laws
 
 *534
 
 of 1931, after the
 
 Acme
 
 decision, and subsequently amended into its present form by chs. 314 and 402, Laws of 1933. The effect of the amendments upon the principles of the
 
 Acme Case
 
 was noted in
 
 Andrzeczak v. Industrial Comm.
 
 (1945), 248 Wis. 12, 15, 20 N. W. (2d) 551.
 

 By the Court.
 
 — Judgment affirmed.