ST. MARY'S HOSPITAL MEDICAL CENTER,
Plaintiff-Appellant,

v.

Robert J. TARKENTON, Sr., Defendant-Respondent,

REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Third-Party Defendant.†

Court of Appeals

*No. 80–2095. Submitted on briefs April 27, 1981.—
Decided June 11, 1981.*
(Also reported in 309 N.W.2d 14.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Michael E. Kepler* and *Paskin and Kepler* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Jonathan M. Hajny* of Oregon.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. The circuit court determined that a debt owing by Tarkenton to St. Mary's was barred by the six-year statute of limitations.[1] We conclude that the trial court incorrectly decided the question of law involved and therefore reverse its judgment.

Tarkenton was hospitalized at St. Mary's Hospital Medical Center from May 22, 1972 to June 17, 1972. He was insured against some hospitalization costs under a policy issued by Republic National Life Insurance Company. On July 18, 1972, he authorized Republic to pay the benefits due him under that policy to St. Mary's.[2]

Republic made nine payments to St. Mary's, the last of which, in the amount of $23.95, was made October 31, 1972. The hospital bill exceeded Tarkenton's insurance benefits by $1,985.75. Tarkenton did not pay any of that excess amount, and on October 24, 1978, St. Mary's commenced this action to recover that sum from him.[3]

---

[1] The trial court did not cite sec. 893.43, Stats., as the statute of limitations it relied upon. The parties appear to agree that sec. 893.43 applies to this action.

[2] The document provided by St. Mary's reads:

ASSIGNMENT OF INSURANCE BENEFITS: I hereby authorize payment directly to the above named hospital of the Hospital Expense benefits otherwise payable to me but not to exceed the hospital's regular charge for this period of hospitalization. I understand that I am financially responsible to the hospital for charges not covered by insurance.

The record shows four assignments, dated March 3, 1972, June 20, 1972, June 28, 1972 and July 18, 1972.

[3] Tarkenton filed a third-party summons and complaint against Republic, but that action was dismissed by the trial court. Tarkenton does not appeal that dismissal.

This suit was commenced more than six years after the last date of Tarkenton's hospitalization but within six years of Republic's last payment on his account. A partial payment on an obligation made prior to the running of the statute of limitations tolls the statute, and sets it running from the date of the payment. *Engmann v. Estate of Immel,* 59 Wis. 249, 255, 18 N.W. 182, 184 (1884). The issue is whether the October 31, 1972 payment by Republic tolled the statute of limitations, causing it to start running anew on that date.

The trial court concluded that both Tarkenton and Republic were obligated on the debt to St. Mary's, that the obligations were several, and that the statute of limitations was not tolled by Republic's payment of October 31, 1972.

The relevancy to the statute of limitations of the distinction between joint and several obligations was discussed in *Zuehlke v. Engel,* 229 Wis. 386, 390–91, 282 N.W. 579, 581 (1938) :

[F]or the purposes of the statute of limitations the important question is whether the obligation assumed is joint or several. The rule that payment made on a note by the principal debtor before limitations have run serves to keep the debt alive both as to principal and as to surety is based upon the fact that both are joint promisors, rather than upon the fact that one is principal and the other surety. If the obligors are jointly bound, there is but one obligation, and the view of the common law was that either of the joint obligors by making payments could toll the statute as to the entire obligation. It was found necessary, in order to relieve nonconsenting joint obligors, to enact statutes providing that payments by one joint contractor should not cause the other to lose the benefit of the statute of limitations, sec. 330.47, Stats. [now sec. 893.49, Stats.]. Upon this statute the courts have engrafted the doctrine that where one joint obligor consents to or requests the other to

make a payment, the statute is tolled as to the person so consenting.

One whose liability is several and not joint is not affected by the foregoing doctrine. His liability is not upon the principal debt but upon his own separate undertaking, and a payment by the maker or principal debtor upon the principal debt, even with the consent or acquiescence of the indorser or guarantor, has no effect whatever upon the collateral undertaking. (Citations omitted.)

Republic did not agree to pay St. Mary's or any particular hospital. Its policy provided: "During the first 3 days of a hospital confinement you will be reimbursed . . . . During the continuance of a hospital confinement, after the first 3 days you will be reimbursed . . . ." Republic therefore agreed only to reimburse or indemnify Tarkenton for some of his hospitalization costs. The "assignment" signed by Tarkenton did not assign his benefits to St. Mary's. It expressly authorized Republic to pay St. Mary's rather than him.[4] Republic has neither a joint nor a several obligation to St. Mary's because there is *no* contractual relationship between them, and the authorization did not make Republic liable to St. Mary's.

Had Republic paid the benefits directly to Tarkenton and had Tarkenton then paid St. Mary's, he could not now argue that the hospital's claim was barred by the statute of limitations. Tarkenton assented to the method used by St. Mary's for the payment of his bill. There is nothing in the record that suggests that Tarkenton was displeased with St. Mary's services or the amount he was charged for those services. His only complaint was that Republic did not pay the entire cost of his stay at St. Mary's. He must have expected to be liable for the portion of his bill not paid by Republic because all four

---

[4] *See* note 2.

assignments state: "I understand that I am financially responsible to the hospital for charges not covered by insurance." He is not in the position of a co-debtor for whom sec. 893.49, Stats., was enacted.[5] Nor is Republic a volunteer, whose payments to another's creditor will not toll the running of a statute of limitations.[6] *Cottrell v. Sheperd,* 86 Wis. 649, 654, 57 N.W. 983, 984–85 (1894).

In *Estate of Hocking,* 3 Wis.2d 79, 86, 87 N.W.2d 811, 815 (1958), the court said:

A partial payment, to operate as a new promise and avoid the bar of the statute of limitations, must be made under such circumstances as to warrant a clear inference that the debtor recognized the debt as an existing liability, and indicated his willingness, or at least an obligation, to pay the balance. See *In re Estate of Shea* (1929), 198 Wis. 613, 225 N.W. 326, and *Stewart v. Industrial Comm.* (1940), 236 Wis. 167, 294 N.W. 515. Such rule is in accordance with the decided weight of authority in the United States.

---

[5] Section 893.49, Stats., provides:

If there are 2 or more joint contractors or joint executors or administrators of any contractor no one of them shall lose the benefit of this chapter, so as to be chargeable, by reason only of any payment made by any other of them.

The purpose of sec. 893.49, Stats., is to permit the statute of limitations to bar an action against one co-debtor where payments by another co-debtor were made without the consent, acquiescence, or authority of the non-paying co-debtor. *Kline v. Fritsch,* 213 Wis. 51, 53–54, 250 N.W. 837, 838 (1933).

[6] In discussing the case of *Goerlinger v. Juetten,* 237 Wis. 543, 297 N.W. 361 (1941), Marvin Holz, author of *The Work of the Wisconsin Supreme Court,* 1943 Wis. L. Rev. 39, 51, states:

Our court had heretofore held that a joint obligor may acquiesce in or consent to a payment made by his joint contractor and thus toll the statute as to him. It now properly says in substance that the identity of the person making the payment should make no difference and that a payment made by a stranger to the instrument at the request or with the consent of the debtor, will toll the statute. (Footnote omitted.)

The circumstances under which the partial payments to St. Mary's were made are undisputed. They show that Tarkenton recognized his obligation to pay St. Mary's and consented to the manner in which that obligation was partially paid. The facts alleged by the parties are not in dispute and different inferences may not be drawn from the facts. This is therefore an appropriate case for summary judgment. *Hiltpold v. T-Shirts Plus, Inc.*, 98 Wis.2d 711, 715, 298 N.W.2d 217, 219 (Ct. App. 1980). We use the same standard of review as the trial court on a motion for summary judgment. *Wright v. Hasley*, 86 Wis.2d 572, 579, 273 N.W.2d 319, 322–23 (1979). We conclude that St. Mary's claim was not barred by the six-year statute of limitation and that the trial court should have granted St. Mary's motion for summary judgment.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter an order granting plaintiff's motion for summary judgment.