SHELBY MUTUAL INSURANCE COMPANY and Village of
West Milwaukee, Plaintiffs-Appellants,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS
of the State of Wisconsin, William Mosser and Iowa
Mutual Insurance Company, Defendants-Respon-
dents.†

Court of Appeals

*No. 82–245. Submitted on briefs October 13, 1982.—*
*Decided November 22, 1982.*
(Also reported in 327 N.W.2d 178.)

† Petition to review denied.

656

For the appellants the cause was submitted on the briefs of *Kasdorf, Dall, Lewis & Swietlik, S.C.,* and *Terrence R. Berres,* of counsel, of Milwaukee.

For the respondent Department of Industry, Labor and Human Relations the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Beatrice Lampert,* assistant attorney general. For the respondent William Mosser, the cause was submitted on the brief of *Robert H. Zilske* and *Jeffrey S. Fertl* of *Borgelt, Powell, Peterson & Frauen, S.C.,* of Milwaukee. For the respondent Iowa National Mutual Insurance Company the

cause was submitted on the brief of *Walter D. Thurow* of *Wightman, Thurow, Southoff & Alexander,* of Madison.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

DECKER, C.J. Shelby Mutual Insurance Company and the Village of West Milwaukee appeal from a judgment affirming an order of the Labor and Industry Review Commission (commission). The central issue on appeal is whether the trial court erred in affirming the commission's determination that repeated employment-related back injuries constituted an occupational disease so that a back injury sustained while the employe was at home on vacation became compensable under worker's compensation. We conclude that this determination is compatible with Wisconsin case law on occupational disease and accordingly affirm.

## FACTS

From 1952 through 1976, William Mosser (Mosser) worked as a laborer for the Village of West Milwaukee (West Milwaukee). His duties included garbage collection and road repair work, which required heavy lifting and shoveling. He did not experience back problems before working for West Milwaukee.

Beginning in 1961, Mosser suffered repeated injuries to his lower back while performing his work duties for West Milwaukee. Due to these injuries, he often was forced to take time off from work, and several times he required medical treatment. He received worker's compensation benefits for several of the injuries. His last on-the-job injury to his lower back was in November, 1976. When Mosser returned to work after that injury, he worked through December 17, 1976, and then began a vacation.

While at home during his vacation, Mosser was carrying a box weighing approximately ten or fifteen pounds when he sneezed. He immediately felt a sharp pain across his back, and sought medical treatment within a few days. He was unable to return to work. In April, 1977, a herniated disc was surgically removed from his lower back. In March, 1978, his doctor released him to perform light duty work, but West Milwaukee did not rehire him.

Mosser applied for worker's compensation benefits. Iowa National Mutual Insurance Company (Iowa National) provided worker's compensation insurance coverage to West Milwaukee until September, 1976, when Shelby Mutual Insurance Company (Shelby Mutual) assumed coverage. Following two hearings in 1978, the commission found that Mosser "sustained an injury arising out of his employment on an occupational basis," and that the date of injury was his last day of work, December 17, 1976. Mosser was awarded compensation for temporary total disability, thirty percent permanent partial disability, and medical expenses. Iowa National was dismissed from the suit because it was not the insurer on the date of injury.

West Milwaukee and Shelby Mutual petitioned the Labor and Industry Review Commission for review. The commission affirmed the examiners' findings and order. West Milwaukee and Shelby Mutual next appealed to the Milwaukee County Circuit Court, which affirmed the commission's order. West Milwaukee and Shelby Mutual then appealed to this court.

## ISSUES

The following issues are raised on appeal:

(1) When an employe has a history of work-related trauma to his lower back, is a lower back injury sus-

tained while the employe was at home on vacation compensable as an occupational disease?;

(2) Is the commission's finding that Mosser suffered a thirty percent permanent partial disability supported by credible evidence in the record? and;

(3) Did the commission err in dismissing Iowa National and holding Shelby Mutual liable for the full amount of the award?

## OCCUPATIONAL DISEASE

West Milwaukee and Shelby Mutual argue that Mosser's injury was noncompensable because it was an accident which did not occur while he was engaged in work-related activities. Their argument is in direct conflict with the commission's findings that the injury arose out of Mosser's employment and that his herniated disc and degenerative arthritis "were caused and aggravated beyond normal progression by his heavy work for [West Milwaukee]."

In essence, the appellants' central argument is that the commission erred in regarding Mosser's condition as an occupational disease. The commission's findings regarding the determination, cause, extent and duration of a disability are findings of fact, and are conclusive if supported by credible evidence. *Transamerica Insurance Co. v. Department of Industry, Labor and Human Relations,* 54 Wis. 2d 272, 276, 195 N.W.2d 656, 659 (1972). The record shows that Mosser experienced no problems with his back before beginning employment with West Milwaukee. He worked for twelve years, doing heavy lifting, before suffering a back injury while working. Thereafter he suffered repeated back injuries in the course of his employment. Medical experts testified without contradiction that the heavy labor and series of

traumas caused Mosser's present back problems. The experts did not identify any one trauma as the source of the present problems, or apportion the source among the many traumas. We conclude that this evidence was credible and is sufficient to support the commission's findings of fact.

The question of the existence of an occupational disease is one of fact rather than law.[1] As such, the commission's determination is conclusive upon the court if supported by any credible evidence. *Consolidated Papers v. Department of Industry, Labor & Human Relations*, 76 Wis. 2d 210, 216, 251 N.W.2d 69, 72 (1977). Our examination of the record pursuant to this standard supports the commission's findings.

The appellants also contend that the commission acted in excess of its powers, contrary to the judicial review provision, sec. 102.23 (1) (d), Stats., of the worker's compensation chapter, presumably on the ground that Wisconsin law does not recognize back injuries as an occupational disease.

The appellants cite *South Side Roofing & Material Co. v. Industrial Commission*, 252 Wis. 403, 31 N.W.2d 577 (1948), in support of their contention that "[a] weakness in the back resulting from a series of traumas to the back at work does not convert the employee's back condition to an occupational disease." We believe such reliance upon *South Side Roofing* is misplaced.

---

[1] In *Consolidated Papers v. ILHR Dept.*, 76 Wis. 2d 210, 251 N.W.2d 69 (1977), our supreme court denominated the determination that "the death of Ralph Cotter was due to an occupational disease acquired during his employment . . ." as a "finding." *Id.* at 211, 251 N.W.2d at 70. Later, the court stated that "[t]his finding is a true finding of fact." *Id.* at 216, 251 N.W.2d at 72. *See also Mrs. Drenk's Foods v. Industrial Comm.*, 8 Wis. 2d 192, 196, 99 N.W.2d 172, 175 (1959).

The issue in that case was whether the commission properly apportioned to three different employers partial liability for three different back injuries suffered over time by the employe. While the court there stated that "[t]his is not a case involving an occupational disease," *id.* at 408, 31 N.W.2d at 579, we certainly do not understand that language to mean that back injuries *cannot* be so classified, especially since the commission there did not treat the back problems as occupational disease.

We have not discovered Wisconsin cases which explicitly permit or forbid repeated back injuries as being treated as occupational diseases for worker's compensation purposes. Our supreme court has always recognized the "natural and logical distinction" between occupational disease and industrial accident in worker's compensation legislation. *Zabkowicz v. Industrial Commission,* 264 Wis. 317, 319, 58 N.W.2d 677, 679 (1953). An occupational disease is "acquired as the result and an incident of working in an industry over an extended period of time." *Rathjen v. Industrial Commission,* 233 Wis. 452, 460, 289 N.W. 618, 622 (1940). An accidental injury is "an injury that results from a definite mishap," *Andrzeczak v. Industrial Commission,* 248 Wis. 12, 14, 20 N.W.2d 551, 552 (1945) ; "a fortuitous event, unexpected and unforeseen by the injured person." *Semons Department Store v. Department of Industry, Labor & Human Relations,* 50 Wis. 2d 518, 522, 184 N.W.2d 871, 873 (1971). As Professor Larson notes, however, "this contrast between accident and occupational disease is gradually losing its importance, and awards are frequently made without specifying which category the injury falls in." 1B A. Larson, *The Law of Workmen's Compensation* § 41.31, at 7–357 (J. Duke ed. 1980).

Early Wisconsin cases somewhat liberally construed occupational disease with respect to hernias, e.g., *Marathon Paper Mills v. Industrial Commission,* 203 Wis. 17, 233 N.W. 558 (1930). Another case, *Rathjen, supra,* 233 Wis. at 460–61, 289 N.W. at 622 (1940), succinctly distinguished between occupational diseases and accidental injuries:

An occupational disease, as that term is used in the act, is a disease like silicosis, which is acquired as the result and an incident of working in an industry over an extended period of time. The difference between an occupational disease and an affliction resulting from an accident is illustrated in hernia cases. Where hernia follows as a result of a definite accident the employee suffers an accidental hernia, as in *Prentiss Wabers Prod. Co. v. Industrial Comm.* 230 Wis. 171, 283 N.W. 357; but *where it develops as the result of certain types of lifting for a number of years, the employee may have an occupational hernia* as in *Marathon P.M. Co. v. Industrial Comm.* 203 Wis. 17, 233 N.W. 558 [emphasis added].

We believe this formulation allows repeated back injuries to be compensable as occupational disease. Our view is consistent with those of other states which have explicitly recognized repeated work-related back trauma as an occupational disease.[2]

Finally, we are persuaded that the facts satisfy the standards for recovery set forth in *Lewellyn v. Department of Industry, Labor & Human Relations,* 38 Wis. 2d 43, 58–59, 155 N.W.2d 678, 686–87 (1968). There, our

---

[2] California, *Fruehauf Corp. v. Workmen's Compensation Appeals Board,* 440 P.2d 236 (Cal. 1968); Michigan, *Underwood v. Nat'l Motor Castings Div.,* 45 N.W.2d 286 (Mich. 1951); New York, *Keefer v. Norton Co.,* 68 A.D.2d 961, 414 N.Y.S.2d 764 (App. Div. N.Y. 1979); and West Virginia, *Lilly v. State Workmen's Compensation Comm.,* 225 S.E.2d 214 (W. Va. 1976). *See also* 1B A. Larson, *The Law of Workmen's Compensation* § 41.33 n. 45 and § 41.63 n. 53 (J. Duke ed. 1980).

supreme court set forth three guides to compensable injury. The case before us fits into the third:

If the work activity precipitates, aggravates and accelerates beyond normal progression, a progressively deteriorating or degenerative condition, it is an accident causing injury or disease and the employee should recover even if there is no definite "breakage." [Citations omitted.]

The evidence was sufficient to show that this criterion was met. We reject appellants' argument that, because there *was* a "breakage" here, the third criterion is inapplicable. The language of that guide clearly allows for instances of "breakages" as well as the lack of them.

We affirm the determination that the repeated injuries Mosser suffered in the course of his employment constituted an occupational disease.[3]

## PERCENTAGE OF DISABILITY

In Wisconsin, "any award for permanent partial disability [as to nonscheduled injuries] must be based upon some kind of a prediction as to the impairment of earning capacity." *Butler v. Department of Industry, Labor & Human Relations*, 57 Wis. 2d 190, 194, 203 N.W.2d

---

[3] We note that the findings of the commission did not explicitly denominate Mosser's condition as an occupational disease. However, the commission assigned Mosser's last day of work as the date of injury. This is in keeping with sec. 102.01(2)(f), Stats: "'Time of injury,' 'occurrence of injury,' or 'date of injury' means the date of the accident which caused the injury, *or in the case of disease, the last day of work for the last employer whose employment caused disability,* . . . ." [Emphasis added.] Here, the sneeze which precipitated the disability occurred *after* Mosser's last day of work while he was on vacation. That the commission denominated the date as his last day of work clearly demonstrates that the compensation was for an occupational disease.

687, 689 (1973), *quoted in Pfister & Vogel Tanning Co. v. Department of Industry, Labor & Human Relations,* 86 Wis. 2d 522, 528, 273 N.W.2d 293, 296 (1979). The record shows that Mosser was fifty-one years old at the time of the injury, and fifty-three years old at the hearing. A vocational expert testified without contradiction that a conservative estimate of Mosser's permanent partial disability would be thirty to forty percent. Mosser earned $6.25 per hour when last employed by West Milwaukee, but since his back injury he is medically unable to perform the heavy labor characteristic of his previous twenty-four years of employment. After the surgery he obtained occasional jobs at wages ranging from $4.00 to $5.00 per hour. This credible evidence supports the commission's finding of a thirty percent permanent partial disability. We will not disturb those findings on appeal. *Sauerwein v. Department of Industry, Labor & Human Relations,* 82 Wis. 2d 294, 298, 262 N.W.2d 126, 129 (1978).

## INSURER'S LIABILITY

Shelby Mutual argues it should not be required to assume full responsibility for the worker's compensation award because no significant on-the-job trauma occurred while it was the insurer. "The Worker's Compensation Act does not provide for apportionment of liability for occupational disease as between . . . the successive insurers of a single employer whose employment caused the disease." *Travelers Insurance Co. v. Department of Industry, Labor & Human Relations,* 85 Wis. 2d 776, 782, 271 N.W.2d 152, 155 (Ct. App. 1978). According to sec. 102.01(2)(g), Stats., in cases of occupational disease the time of injury is "the last day of work for the last employer whose employment caused the disability . . . ."

Judicial construction of this provision has imposed the entire liability for an occupational disease "upon the last employer whose employment caused the disability resulting from the disease, without contribution from prior employers whose employment also caused the disease." *Id.* at 782, 271 N.W.2d at 155. If one employer has successive insurers, the insurer at the time of the disability is liable for the full amount. *Id.* We believe the *Travelers Insurance Co.* case resolves the issue before us.

*By the Court.*—Judgment affirmed.